485 So.2d 7 (1986)
Allen L. PENOYER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-28.
District Court of Appeal of Florida, Second District.
February 21, 1986.
Rehearing Denied March 6, 1986.
*8 Allen L. Penoyer, pro se.
FRANK, Judge.
Allen Penoyer appeals from an order summarily denying his motion for post-conviction relief. We reverse.
Penoyer was convicted of second degree murder as a result of the death of one Larry Allender, and of assaulting Don Monteith and Carol Monteith with intent to commit murder. In his Rule 3.850 motion, Penoyer alleged that his defense counsel was ineffective because of his failure to locate, interview, and utilize a witness named Kathy Allender, decedent's wife. Penover asserted in his motion that Kathy Allender would have testified that her husband planned to rob and kill Penoyer.
The court below solicited a response to Penover's motion from the state. The state contended before the trial court that Penoyer did not claim in his motion that Allender was killed in self-defense, and thus Ms. Allender's testimony, as described in the motion, was not relevant. We disagree. Although Penoyer's motion is not drafted with the precision one would associate with a well-trained attorney, we believe it contained a prima facie showing that the evidence, if presented at trial, might have affected the outcome of the case. Crusoe v. State, 183 So.2d 600 (Fla. 2d DCA 1966); Williams v. State, 163 So.2d 767 (Fla. 2d DCA 1964). Our review of the motion leads to the conclusion that Penoyer believes the death of Allender a justifiable homicide, and hence he was armed with a defense not developed at trial.
The state further urged the view that the record in its present form overcame whatever effect the Ms. Allender evidence might have afforded Penoyer's defense. We, however, cannot make that determination from the record before us. If the trial court agreed with the state's position, it failed to attach documentation to its order to support such a conclusion.
The remaining grounds set forth in Penover's motion are without merit, and the trial court properly denied relief on those grounds.
This case is remanded to the trial court with directions either to afford Penoyer a hearing on his claim of ineffective assistance of counsel or to attach sufficient portions of the record to refute Penoyer's factual assertions. If a hearing is held, Penoyer will, of course, have the burden of substantiating his allegations. Arango v. State, 437 So.2d 1099 (Fla. 1983). He must demonstrate that Ms. Allender's testimony, if adduced at trial, would have been relevant, material, and would have satisfied the two elements deemed essential in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Obviously, Penoyer must also establish that his counsel knew or should have known of the existence of the witness and that he had no valid reason for failing to offer her testimony at trial. If the trial court again summarily denies the motion, Penoyer must file a notice of appeal within the time prescribed by Rule 9.110(b) of the Florida Rules of Appellate Procedure to obtain further review.
Reversed.
GRIMES, A.C.J., and HALL, J., concur.