826 So.2d 322 (2002)
Robert SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3433.
District Court of Appeal of Florida, Second District.
January 11, 2002.
Rehearing Denied March 8, 2002.
STRINGER, Judge.
Robert Smith challenges the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Smith raises nine grounds *323 for relief in his motion, one of which alleges error that is not conclusively refuted by the record before this court. We affirm without comment the trial court's denial of the other eight grounds, but we reverse and remand for further proceedings on the ninth ground.
Smith alleges that he received ineffective assistance of trial counsel because counsel coerced his plea to a possession of a firearm by a convicted felon charge by misadvising Smith that a trial on this charge would automatically result in a consecutive sentence. The trial court had severed this count from Smith's other counts in this case. Smith argues that he would not have pleaded to the possession charge in exchange for a sentence of consecutive probation if he had understood that there was the possibility that he could receive a concurrent sentence following a trial. Smith asserts that a concurrent sentence was available because all the acts charged in this case were the result of a single criminal episode.
The trial court found that Smith's allegation was conclusively refuted by Smith's statement at the plea colloquy that he had not been coerced by anyone to enter the plea. However, Smith's claim is that he received affirmative misadvice from his counsel and that his plea was involuntary because he relied on this misadvice. Smith's allegation is a facially sufficient claim for relief. See State v. Leroux, 689 So.2d 235 (Fla.1996); Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996).
Accordingly, we reverse and remand for further proceedings on this claim. On remand, if the trial court should again summarily deny Smith's motion, it must attach those portions of the record that conclusively refute his claim or hold an evidentiary hearing.
Reversed and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., concur.