945 So.2d 586 (2006)
Allen L. PENOYER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D06-3914, 2D06-4246.
District Court of Appeal of Florida, Second District.
December 13, 2006.
Rehearing Denied January 4, 2007.
*587 PER CURIAM.
Allen L. Penoyer appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the denial on a different date of his pro se motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In his sworn rule 3.850 motion, which was filed in 2005, Mr. Penoyer sought relief from a judgment and sentence of life imprisonment imposed in 1976. He alleged that Judge Crockett Farnell was the prosecutor at his trial. Nevertheless, the motion was assigned to Judge Farnell, who dismissed this rule 3.850 motion without any mention of this allegation. Thereafter, Judge Farnell denied on a different date Mr. Penoyer's subsequently filed rule 3.800(a) motion.
Mr. Penoyer filed separate timely motions for rehearing of these orders, asserting in each one that Judge Farnell had a conflict of interest because he had previously prosecuted Mr. Penoyer and that Judge Farnell's ruling on the motions violated due process.[1] The motions for rehearing were then denied on different dates by Judge Farnell's wife, Judge Dee Anna Farnell.
Florida Code of Judicial Conduct, Canon 3(E)(1) provides:
A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
. . . .
(b) the judge served as a lawyer . . . in the matter in controversy. . . .
Mr. Penoyer's motion is obviously filed beyond the normal two-year period for such motions, and this court has reviewed numerous postconviction appeals from Mr. Penoyer.[2] Thus, his motion may face serious obstacles. Nevertheless, Judge Crockett Farnell should not have considered either of Mr. Penoyer's motions if he was Mr. Penoyer's prosecutor in *588 1976. See Maharaj v. State, 684 So.2d 726, 728 (Fla.1996).
We would comment that this situation is not comparable to an initial motion to disqualify a judge, which the judge cannot refute with factual information. See, e.g., Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983) (stating that a judge confronted with an initial motion to disqualify "may only determine whether the motion is legally sufficient and is not allowed to pass on the truth of the allegations"). If the trial court records contain documents establishing that the case was handled by another prosecutor, the postconviction court should be permitted to attach those documents to refute the allegations.
Accordingly, we reverse the dismissal of Mr. Penoyer's rule 3.850 motion and the denial of his rule 3.800(a) motion. On remand, unless the court attaches records conclusively refuting the allegations that Judge Crockett Farnell was the prosecutor, a circuit court judge other than Judge Crockett Farnell or Judge Dee Anna Farnell should be assigned to consider the motion.
Reversed and remanded.
ALTENBERND, CASANUEVA, and STRINGER, JJ., Concur.
NOTES
[1] To raise a recusal issue, a party is normally required to file a motion to disqualify a judge under Florida Rule of Judicial Administration 2.160. However, we conclude that in this unusual context, where the allegation has already been made under oath by the defendant in his postconviction motion, the issue can be raised by filing a motion for rehearing.
[2] See Penoyer v. State, 848 So.2d 321 (Fla. 2d DCA 2003); Penoyer v. State, 696 So.2d 361 (Fla. 2d DCA 1997); Penoyer v. State, 613 So.2d 28 (Fla. 2d DCA 1992); Penoyer v. State, 494 So.2d 236 (Fla. 2d DCA 1986); Penoyer v. State, 485 So.2d 7 (Fla. 2d DCA 1986); see also Penoyer v. Crosby, 845 So.2d 198 (Fla. 2d DCA 2003); Penoyer v. Circuit Court, Sixth Judicial Circuit, 605 So.2d 80 (Fla. 2d DCA 1992); Penoyer v. Circuit Court for Sixth Judicial Circuit, Pinellas County, 491 So.2d 561 (Fla. 2d DCA 1986); Penoyer v. Circuit Court of Sixth Judicial Circuit, Pinellas County, 482 So.2d 354 (Fla. 2d DCA 1985).