ALTENBERND, Judge.
 

 Clement Lee Young appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to two grounds without discussion but reverse for further proceedings as to the final ground.
 

 Mr. Young allegedly committed a robbery and an attempted robbery in Immok-
 
 *714
 
 alee, Florida, on May 23, 2004. The incident involved a purse snatching and an attempted purse snatching. The police reports indicate that an eyewitness could identify Mr. Young by name and knew where he went after the offenses.
 

 He was charged with robbery as a second-degree felony and attempted robbery as a third-degree felony. Because of his prior record, he faced the possibility of a forty-year term of imprisonment with a minimum mandatory sentence of thirty years’ incarceration as a violent career criminal.
 
 See
 
 § 775.084(4)(d), Fla. Stat. (2003). After the jury was empaneled, Mr. Young agreed to a guilty plea in exchange for a sentence that would be capped at the thirty-year minimum mandatory term. The record suggests that there may have been a possibility of a reduction in the sentence in exchange for substantial assistance in a murder investigation but that this possibility did not evolve to Mr. Young’s benefit. At the sentencing hearing, the State established the predicate offenses for sentencing as a violent career criminal, and Mr. Young received the agreed-upon maximum sentence of thirty years’ imprisonment.
 

 In a timely motion for postconviction relief filed pursuant to rule 3.850, Mr. Young claims that his lawyer was ineffective because he gave Mr. Young affirmative misadviee to convince him to enter into the plea. He claims that his lawyer convinced him to enter the plea by informing him that he would face a mandatory life sentence if he went to trial and was found guilty. In jail, prior to sentencing, one of the prisoners told him that this was incorrect. Between the time of the plea and the sentencing hearing, Mr. Young claims that he filed a pro se motion to withdraw his plea. He claims that he never would have pleaded guilty if he had realized that he was not facing the possibility of a life sentence. He also claims that he was misinformed about the thirty-year minimum mandatory sentence.
 

 In denying this claim, the trial court has attached the transcripts from the plea hearing and the sentencing hearing. These transcripts make it clear that Mr. Young was fully advised of the fact that he faced a mandatory minimum sentence of thirty years’ imprisonment. These transcripts, however, do not refute his claim that he was induced to plead because he was informed by his attorney that he was facing a life sentence if he did not plead guilty. The attachments to the order on appeal do not refute Mr. Young’s claim, and such a claim of affirmative misadviee of counsel can be an appropriate claim for postconviction relief.
 
 See Smith v. State,
 
 826 So.2d 322 (Fla. 2d DCA 2002). Accordingly, we reverse and remand for further proceedings as to this claim.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and CASANUEVA, JJ., Concur.