12 So.3d 1259 (2009)
Yancy B. CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-2020.
District Court of Appeal of Florida, Second District.
June 26, 2009.
KHOUZAM, Judge.
Yancy B. Clayton appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised two grounds for relief. We reverse.
In ground one of his motion, Clayton alleged that his counsel was ineffective for failing to file a motion to disqualify the judge who presided over his cases. Clayton alleged that the judge was a former assistant state attorney who had previously prosecuted him in other cases. Clayton claimed that he feared he would not receive a fair trial and that he asked his counsel to file a motion to disqualify the judge. Clayton contended that but for counsel's failure to file the motion, he would not have entered a plea and would have proceeded to trial.
*1260 The postconviction court denied the claim on the theory that a motion to disqualify based on Clayton's allegations was legally insufficient and, consequently, counsel could not have been ineffective for failing to file a futile motion. However, the legal sufficiency of a motion to disqualify depends on "whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." Thompson v. State, 990 So.2d 482, 490 (Fla.2008) (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). The fact that the presiding judge prosecuted a defendant in a previous case is sufficient to support the defendant's claim of a well-founded fear that he would not receive a fair trial before the judge. Goines v. State, 708 So.2d 656, 659 (Fla. 4th DCA 1998).
Therefore, we reverse the summary denial of this claim. On remand, if the court records contain documents establishing that the cases were handled by another prosecutor, the postconviction court should attach those documents to refute the allegations. See Penoyer v. State, 945 So.2d 586, 588 (Fla. 2d DCA 2006). If the records do not refute Clayton's claim, the court must conduct an evidentiary hearing.
In ground two, Clayton alleged that his counsel was ineffective for failing to disclose a conflict of interest because his counsel and the judge were former co-workers. The postconviction court found that Clayton failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and denied the claim. However, the court applied the incorrect legal standard to Clayton's conflict of interest claim.
"Claims of ineffective assistance based on conflict of interest have generally been analyzed under an exception to the standard two-pronged Strickland test." Alessi v. State, 969 So.2d 430, 435 (Fla. 5th DCA 2007). To establish an ineffectiveness claim based on a conflict of interest, a defendant must show that there was an actual conflict of interest and that the conflict adversely affected counsel's performance. Hunter v. State, 817 So.2d 786, 791 (Fla.2002). Once a defendant satisfies both of these elements, prejudice is presumed. Id. at 792.
Accordingly, we reverse and remand for the postconviction court to apply the correct legal standard to this claim. If the court again summarily denies the claim, it must attach record excerpts conclusively refuting the claim. If the record does not refute the claim, the court must conduct an evidentiary hearing.
Reversed and remanded.
CRENSHAW, J., Concurs.
ALTENBERND, Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur with the panel's disposition as to ground one of Mr. Clayton's motion. As to ground two, I concur with some reluctance. I doubt that the claim alleging a conflict of interest is facially sufficient as alleged, but I am inclined to believe that he should have the option to amend his motion to allege the claim with greater specificity.
Our record contains little information about the proceedings below because the trial court attached nothing to its order. Mr. Clayton apparently was convicted of multiple counts of grand theft, felony petit theft, fraudulent use of a credit card, and burglary on April 10, 2006. Because a conflict prevented the public defender from representing Mr. Clayton, he was represented at that time by Derek Christian. With Mr. Christian's assistance, Mr. Clayton entered into a negotiated plea by which he received a thirty-year sentence of *1261 imprisonment that was fully suspended in exchange for eighteen years' probation. Mr. Clayton apparently had a significant prior record and nothing suggests that this negotiated plea was anything but favorable for Mr. Clayton.
Mr. Clayton was arrested for a violation of his probation within two months. While represented by a new attorney, in August 2007, the trial court found him in violation of probation and sentenced him to the thirty-year sentence. He did not appeal the judgments, the orders on violation of probation, or the sentences.
Mr. Clayton filed this postconviction motion in February 2008. As to the allegation of a conflict involving his attorney, Derek Christian, he merely alleges that his second attorney informed him that Judge Estrada and Mr. Christian "were previously co-workers in the prosecutor's office."
As the majority correctly observes, prejudiceas the second prong of Stricklandis presumed in cases involving an attorney's conflict of interest. However, to receive the benefit of this presumption, the defendant must demonstrate "that counsel `actively represented conflicting interests' and that `an actual conflict of interest adversely affected his lawyer's performance.' " Strickland, 466 U.S. at 692, 104 S.Ct. 2052 (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). In effect, this appears to be a substitution of a different two-prong test for claims of conflict. To state a facially sufficient claim involving a conflict of interest, I believe a defendant must plead allegations that, if proven, would satisfy both prongs of Cuyler. Compare Ey v. State, 982 So.2d 618, 623 (Fla.2008) ("To raise a facially sufficient claim of ineffective assistance of counsel, a defendant must allege specific facts meeting both of Strickland's prongs.").
In this case, Mr. Clayton has merely alleged that his attorney and the trial judge once worked in the state attorney's office. He has alleged no theory by which this relationship caused his attorney to represent conflicting interests or that it created an actual conflict that affected his lawyer's performance. Frankly, having a defense attorney who has prior knowledge and understanding of the presiding judge is often helpful to a defendant. I think I can take judicial notice that many lawyers who start out in the state attorney's office end up either on the bench or in private practice as defense attorneys. I am unwilling to accept that such a co-worker relationship creates any presumption of prejudice without additional and exceptional factual allegations.
Given that Mr. Clayton's first claim must be remanded to the trial court, I have no objection to remanding the second claim as well. However, in my opinion, Mr. Clayton will need to allege more facts establishing a conflict before this claim is facially sufficient. If he can allege those facts, he will bear the burden of establishing both of the components of Cuyler at any evidentiary hearing.