KHOUZAM, Judge.
Yancy B. Clayton appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised two grounds for relief. We reverse.
In ground one of his motion, Clayton alleged that his counsel was ineffective for failing to file a motion to disqualify the judge who presided over his cases. Clayton alleged that the judge was a former assistant state attorney who had previously prosecuted him in other cases. Clayton claimed that he feared he would not receive a fair trial and that he asked his counsel to file a motion to disqualify the judge. Clayton contended that but for counsel’s failure to file the motion, he would not have entered a plea and would have proceeded to trial.
*1260 The postconviction court denied the claim on the theory that a motion to disqualify based on Clayton’s allegations was legally insufficient and, consequently, counsel could not have been ineffective for failing to file a futile motion. However, the legal sufficiency of a motion to disqualify depends on “whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” Thompson v. State, 990 So.2d 482, 490 (Fla.2008) (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). The fact that the presiding judge prosecuted a defendant in a previous case is sufficient to support the defendant’s claim of a well-founded fear that he would not receive a fair trial before the judge. Goines v. State, 708 So.2d 656, 659 (Fla. 4th DCA 1998).
Therefore, we reverse the summary denial of this claim. On remand, if the court records contain documents establishing that the cases were handled by another prosecutor, the postconviction court should attach those documents to refute the allegations. See Penoyer v. State, 945 So.2d 586, 588 (Fla. 2d DCA 2006). If the records do not refute Clayton’s claim, the court must conduct an evidentiary hearing.
In ground two, Clayton alleged that his counsel was ineffective for failing to disclose a conflict of interest because his counsel and the judge were former coworkers. The postconviction court found that Clayton failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and denied the claim. However, the court applied the incorrect legal standard to Clayton’s conflict of interest claim.
“Claims of ineffective assistance based on conflict of interest have generally been analyzed under an exception to the standard two-pronged Strickland test.” Alessi v. State, 969 So.2d 430, 435 (Fla. 5th DCA 2007). To establish an ineffectiveness claim based on a conflict of interest, a defendant must show that there was an actual conflict of interest and that the conflict adversely affected counsel’s performance. Hunter v. State, 817 So.2d 786, 791 (Fla.2002). Once a defendant satisfies both of these elements, prejudice is presumed. Id. at 792.
Accordingly, we reverse and remand for the postconviction court to apply the correct legal standard to this claim. If the court again summarily denies the claim, it must attach record excerpts conclusively refuting the claim. If the record does not refute the claim, the court must conduct an evidentiary hearing.
Reversed and remanded.
CRENSHAW, J., Concurs.
ALTENBERND, Concurs with opinion.