SILBERMAN, Judge.
 

 Gary V. Moreland appeals the summary dismissal of his timely motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. This motion, deemed filed on December 12, 2008, when he placed it in the hands of prison officials, was Mr. Moreland’s third rule 3.850 motion. On June 13 and August 21, 2007, the postconviction court denied Mr. More-land’s first and second motions. Several claims were denied as procedurally barred; others — including the two claims of ineffective assistance of counsel asserted in the current motion — were denied as facially insufficient. But neither prior denial order provided Mr. Moreland with leave to amend to correct the facial insufficiencies.
 

 In the order now before us, the postcon-viction court recognized that Mr. Moreland was entitled to at least one opportunity to amend timely filed but facially insufficient claims. And the court recognized that it had not provided Mr. Moreland with a specific time for amendment. The court nevertheless dismissed this motion on the ground that the time for amendment is not unlimited,
 
 see Bryant v. State,
 
 901 So.2d 810, 819 (Fla.2005), and by waiting over sixteen months to file this new motion, Mr. Moreland was precluded from attempting to remedy the facially insufficient claims.
 

 This case highlights the procedural difficulties that can arise when a postconviction court denies or dismisses a motion as facially insufficient without giving the mov-ant at least one opportunity to amend within a specified amount of time. Mr. Moreland’s first two motions were filed and denied before the supreme court issued its opinion in
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). There, the court held that a legally insufficient motion should be stricken with leave to amend, adding that “[w]e do not envision that window of opportunity would exceed thirty days and may be less.”
 
 Id.
 
 at 761. In disposing of Mr. Moreland’s third motion, the postconviction court should have considered the operative principles embodied in not only
 
 Spera
 
 but also rule 3.850(f). That rule permits the filing of successive motions within the two-year period contained in rule 3.850(b) if the claims or issues have not previously been decided on the merits. An exception exists for abuse of procedure.
 
 See Wilson v. State,
 
 13 So.3d 83, 85 (Fla. 2d DCA 2009). But because Mr. Moreland was never advised that he had a limited period of time in which to file amended claims, rather than the remaining balance of the two-year period after his judgment and sentence became final, it cannot be said that his attempt to assert grounds that were never decided on the merits constitutes such an abuse.
 
 See Spera,
 
 971 So.2d at 759.
 

 Accordingly, we reverse the postconviction court’s order. On remand the post-conviction court shall consider the two claims of ineffective assistance of counsel as a timely amendment of those claims dismissed in 2007. The resulting final order will be “a disposition on the merits for all claims that were or could have been raised in that motion.”
 
 Lawrence v. State,
 
 987 So.2d 157, 159 (Fla. 2d DCA 2008).
 

 Reversed and remanded.
 

 CRENSHAW and MORRIS, JJ., Concur.