WALLACE, Judge.
 

 Norman J. Cole appeals the order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse the postconviction court’s summary denial of grounds one, two, three, and seven as facially insufficient. We affirm without comment the postconviction court’s denial of all other claims for relief.
 

 In grounds one and two of his motion, Mr. Cole asserted that his trial counsel provided ineffective assistance because of conflicts of interest. However, Mr. Cole did not allege the existence of an actual conflict or that his interests were compromised.
 
 See Clayton v. State,
 
 12 So.3d 1259, 1260 (Fla. 2d DCA 2009) (“To establish an ineffectiveness claim based on a conflict of interest, a defendant must show that there was an actual conflict of interest and that the conflict adversely affected counsel’s performance.”). For this reason, the postconviction court summarily denied these claims as legally insufficient. We agree that the claims were legally insufficient.
 

 In ground three, Mr. Cole complained that his plea was involuntary because it was “unlawfully induced.” In addition, at the conclusion of his motion, Mr. Cole asserted: “I would like to be entitled to effective counsel [and] giving [sic] a chance to go to trial. If I had the appropriate counsel the first time[,] I never would’ve took [sic] a deal. I want to go to trial.” Mr. Cole’s motion alleged sufficient facts about counsel’s deficient performance. The allegations in ground three— when read together with the statement at the conclusion of the motion — are facially sufficient.
 
 Cf. Smith v. State,
 
 826 So.2d 322, 323 (Fla. 2d DCA 2002) (finding that the defendant alleged a facially sufficient claim where the defendant alleged that counsel told him that a trial on a charge of possession of a firearm by a convicted felon would automatically result in a consecutive sentence and that he would not have entered the plea but for counsel’s misadvice).
 

 Ground seven alleged that counsel was ineffective because he did not file mo
 
 *175
 
 tions to exclude certain evidence as requested by Mr. Cole. The postconviction court properly denied this claim as facially insufficient because Mr. Cole did not provide sufficient information about the proposed motions to determine whether counsel’s performance was deficient.
 
 See Ezell v. State,
 
 648 So.2d 1257, 1258 (Fla. 3d DCA 1995) (holding that the defendant could not show deficient performance if the evidence the defendant claims counsel should have sought to exclude was admissible).
 

 However, in light of the recent opinion in
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), we reverse the summary denials of grounds one, two, and seven and remand with instructions to strike these grounds with leave to amend within a reasonable time.
 
 See Thacker v. State,
 
 990 So.2d 1223, 1223 (Fla. 1st DCA 2008) (following Spera);
 
 see also Deck v. State,
 
 985 So.2d 1234, 1238 (Fla. 2d DCA 2008) (“Nothing in the limited record before this court demonstrates that [the postconviction mov-ant] could not allege sufficient facts or prejudice in connection with this claim if given the opportunity to amend his motion.”). We also reverse the summary denial of ground three of the motion and remand for the postconviction court to either attach the relevant portions of the record that conclusively refute ground three or to grant an evidentiary hearing on this ground. In all other respects, we affirm the postconviction court’s order.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 SILBERMAN, J., Concurs.
 

 KELLY, J., Dissents.