PER CURIAM.
 

 After Yancy Bernard Clayton filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising two claims of ineffective assistance of counsel, the postconviction court summarily denied both claims in 2008. We reviewed the postconviction court’s order in case number 2D08-2020 and reversed and remanded for further proceedings. Specifically, as to Clayton’s claim that his counsel was ineffective for failing to move to disqualify the presiding judge on the ground that the judge was a former assistant state attorney who had prosecuted cases against him, this court held that Clayton’s claim was facially sufficient and that, on remand, the postconviction court should either hold an evidentia-ry hearing or deny the claim by attaching sufficient record documents to its order that would refute the allegations. On the second claim, we held that the postconviction court had decided the claim on the wrong legal basis and remanded for the court to consider the claim using the correct standard.
 
 See Clayton v. State,
 
 12 So.3d 1259 (Fla. 2d DCA 2009). On remand, the postconviction court entered the order from which Clayton now appeals. The court struck the first claim without prejudice and required Clayton to provide record attachments to support his claim. The postconviction court again found that the second claim was facially insufficient and struck it without prejudice; however, the court did not provide Clayton a reasonable time limit within which to file an amended claim, a practice with which this court has expressed concern.
 
 See Brown
 
 
 *870
 

 v. State,
 
 36 So.3d 186 (Fla. 2d DCA 2010);
 
 Moreland v. State,
 
 32 So.3d 782 (Fla. 2d DCA 2010). The order also incorrectly advised Clayton that he had thirty days to appeal this nonfinal order to this court.
 

 We dismiss this appeal for lack of jurisdiction.
 
 See Herron v. State,
 
 34 So.3d 206 (Fla. 2d DCA 2010). Because Clayton’s two-year time limit under rule 3.850 has presumably expired, this dismissal is without prejudice for Clayton to file an amended motion in the circuit court within thirty days of the date this opinion becomes final.
 

 We note, however, that Clayton has argued on appeal that the postconviction court failed to comply with our prior mandate in 2D08-2020 as to the first claim that Clayton’s attorney should have sought Judge Estrada’s disqualification. On its surface, Clayton’s argument is persuasive. However, we are not convinced that the postconviction court disregarded our first opinion. The postconviction court’s nonfi-nal order explains that Clayton has a significant number of prior criminal cases in Polk and Highlands Counties during the period when the trial judge was a prosecutor. The postconviction court’s order did not require Clayton to provide record attachments to support his claim. Instead, the court, in seeking additional help, informed Clayton that he “should indicate, wherever possible and with as much specificity as possible, the nature of the charges, whether the charges involved felonies or misdemeanors, the year or time frame in which the trial judge prosecuted his case, and if at all possible the case number of the case or cases to which the Defendant is referring.” This request for additional information did not necessarily violate this court’s mandate in 2D08-2020. Ultimately, however, it will be up to the postconviction court, if it chooses to deny what this court has determined to be a facially sufficient claim, to attach records or to hold an evidentiary hearing to refute it.
 

 Dismissed.
 

 ALTENBERND, SILBERMAN, and MORRIS, JJ., Concur.