SALARIO, Judge.
*384 Santos Mendez-Domingo appeals from an order summarily denying his motion under Florida Rule of Criminal Procedure 3.850 that alleged that his counsel in the trial court labored under a conflict of interest. We reverse and remand for the postconviction court to give him an opportunity to file an amended motion that makes sufficient allegations of an actual conflict that adversely affected his representation.
Mr. Mendez-Domingo pleaded no contest to two counts of attempted capital sexual battery, and the trial court sentenced him to thirty years' prison on the first count to be followed by thirty years' probation on the second. In his rule 3.850 motion, he asserted a single claim of ineffective assistance of counsel based on a conflict of interest. In particular, he alleged that his counsel failed to tell the trial court that, in addition to representing Mr. Mendez-Domingo, counsel also represented another man in a separate case who Mr. Mendez-Domingo said confessed to him that he had committed the sexual batteries at issue. Mr. Mendez-Domingo wanted his counsel to negotiate a lenient sentence in exchange for his testimony against the man who confessed. He asserted that his counsel's failure to tell the court about the conflict of interest denied him due process and the effective assistance of counsel.
The postconviction court summarily denied the motion. It concluded that the Office of the Public Defender originally was assigned to represent both Mr. Mendez-Domingo and the man who confessed to Mr. Mendez-Domingo but later withdrew from the other man's case based on a conflict of interest. The postconviction court attached to its order the public defender's motion to withdraw from that case and the order granting that motion. The court also found that Mr. Mendez-Domingo then hired an attorney and that the Office of Criminal Conflict Counsel was appointed for the other man. Mr. Mendez-Domingo thereafter filed a motion for rehearing, which the postconviction court denied.
The postconviction court erred by attaching records from the other man's case in support of its order summarily denying Mr. Mendez-Domingo's motion. Rule 3.850(f) allows a postconviction court to summarily deny a motion if the court record conclusively refutes the movant's claims. The rule defines the "court record" as "files and records in the case" and specifies that "[t]he files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed." Fla. R. Crim. P. 3.850(f)(4). Documents other than those specified in the rule cannot be used to summarily deny a rule 3.850 motion. See Forte v. State, 189 So.3d 1043, 1044 (Fla. 2d DCA 2016) ("Although the postconviction court attached the transcript from the codefendant's hearing to the order denying Forte's claims, that transcript was not part of Forte's record and the postconviction court erred in relying on it to deny the claims."). Mr. Mendez-Domingo's counsel's notice of appearance in Mr. Mendez-Domingo's case, the sole portion of Mr. Mendez-Domingo's record that the postconviction court attached to its order, does not conclusively refute Mr. Mendez-Domingo's assertion of a conflict of interest.
That said, Mr. Mendez-Domingo did fail to sufficiently plead an ineffective *385 assistance claim based on a lawyer's alleged conflict of interest.
[I]n order to establish an ineffectiveness claim premised on an alleged conflict of interest the defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance." A lawyer suffers from an actual conflict of interest when he or she "actively represent[s] conflicting interests." To demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were compromised. A possible, speculative or merely hypothetical conflict is "insufficient to impugn a criminal conviction."
Hunter v. State, 817 So.2d 786, 791-92 (Fla. 2002) (second alteration in original) (citations omitted) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ). Thus, to plead a facially sufficient ineffectiveness claim based on a conflict, a postconviction movant must allege sufficient facts to show both an actual conflict of interest and that the actual conflict adversely affected counsel's representation of the movant. See, e.g., Cole v. State, 35 So.3d 173, 174 (Fla. 2d DCA 2010) (finding claim legally insufficient where movant "did not allege the existence of an actual conflict or that his interests were compromised").
Although Mr. Mendez-Domingo's rule 3.850 motion alleged that his counsel at some point represented conflicting interests, it failed to allege facts indicating that the conflict adversely affected counsel's representation of Mr. Mendez-Domingo. The motion did not identify who had the alleged conflict or at what point in time that lawyer represented both Mr. Mendez-Domingo and the man who allegedly confessed-i.e., whether the dual representation happened at any time material to Mr. Mendez-Domingo's claim. And although it alleged that counsel failed to advise the court of the conflict, the motion did not say that counsel failed to tell Mr. Mendez-Domingo about the problem, did not say that Mr. Mendez-Domingo declined to waive the conflict, and did not say that counsel failed to seek the plea agreement Mr. Mendez-Domingo allegedly wanted.
Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist.
Cuyler, 446 U.S. at 346-47, 100 S.Ct. 1708 (footnote omitted). Mr. Mendez-Domingo's claim is insufficiently pleaded. See Spera v. State, 971 So.2d 754, 758 (Fla. 2007) (explaining that a facially sufficient rule 3.850 motion "sets out a cognizable claim for relief based upon the legal and factual grounds asserted" (quoting Jacobs v. State, 880 So.2d 548, 550 (Fla. 2004) )).
Where, as here, a rule 3.850 motion is insufficiently pleaded, the proper course is to give the movant sixty days to plead sufficiently. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."). Accordingly, we reverse the postconviction court's order and remand with directions to strike Mr. Mendez-Domingo's motion and grant him sixty days to file a sufficiently pleaded amended motion.[1] See *386 Cole, 35 So.3d at 175 ; Howard v. State, 17 So.3d 774, 778 (Fla. 2d DCA 2009).
Reversed and remanded with directions.
NORTHCUTT and MORRIS, JJ., Concur.

We express no opinion as to the scope of relief to which Mr. Mendez-Domingo may be entitled if he ultimately establishes his claim of ineffective assistance.