DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LUMETRIOUS DEANDRE DUPREE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1114

_____

May 10, 2024

Appeal from the Circuit Court for Pinellas County; Susan St. John, Judge.

Lumetrious Deandre Dupree, pro se.

Ashley Moody, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Lumetrious Deandre Dupree appeals from the order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.850. We reverse the portion of the order that summarily denies ground one and remand for further proceedings. We affirm the remaining portions of the order without comment.

A jury found Mr. Dupree guilty of burglary, and the trial court sentenced him as a prison releasee reoffender to fifteen years in prison.[1] Mr. Dupree challenged his sentence in ground one of his timely-filed rule 3.850 motion, arguing that the prison releasee reoffender designation is illegal because it is not supported by evidence in the record[2] and because he does not meet the qualifications.

In an order directing the State to respond to this claim, the postconviction court noted that the sentencing court took judicial notice of records that the State used in a different case to establish Mr. Dupree's status as a prison releasee reoffender but that it did not appear that the records the Court took judicial notice of during the sentencing hearing in this case were placed in the record in this case number.

The State did not dispute that the sentencing court did not admit into evidence the documents that the sentencing court relied on to find that Mr. Dupree qualified as a prison releasee reoffender, but the State urged the postconviction court to deny this claim because it believed that the documents, which it attached to its response, demonstrate Mr. Dupree's qualifications. After receipt of the State's response, the postconviction court summarily denied Mr. Dupree's motion, ruling that the trial court properly took judicial notice of documents filed in the different case and that the State established with those documents that Mr. Dupree is a prison releasee reoffender.

---

[1] *See* § 775.082(9)(a)3, Fla. Stat. (2014). Once the State exercises its discretion to seek a prison releasee reoffender sentence and establishes that a person meets the qualifications, a trial court has no discretion to impose a sentence less than the statutory maximum. *Id.*

[2] Mr. Dupree also argued that he did not qualify as a prison releasee reoffender. Due to the disposition of this case on another ground, it is unnecessary for us to resolve that issue.

Section 775.082(9)(a)3, Florida Statutes (2014), requires "proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender."[3] The summary postconviction record reflects that no such proof was admitted into evidence at Mr. Dupree's sentencing, so the postconviction court did not properly rely on the documents that the State attached to its response to summarily deny this claim.

Florida Rule of Criminal Procedure 3.850(f) allows a postconviction court to summarily deny a rule 3.850 motion if the claims are conclusively refuted by the "the files and records" in the case, which a court must attach to its order. Fla. R. Crim. P. 3.850(f)(5). The rule defines "the files and records" as "the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed." Fla. R. Crim. P. 3.850(f)(4). "Documents other than those specified in the rule cannot be used to summarily deny a rule 3.850 motion." *Mendez-Domingo v. State*, 238 So. 3d 382, 384 (Fla. 2d DCA 2017); *see Forte v. State*, 189 So. 3d 1043, 1044 (Fla. 2d DCA 2016) (holding that the postconviction court erred by relying on a transcript from a codefendant's hearing to deny Mr. Forte's claims); *Ciambrone v. State*, 128 So. 3d 227, 232 (Fla. 2d DCA 2013) ("[T]he postconviction

---

[3] A trial court reversibly errs when it relies on documentary evidence to find that a person qualifies as a prison releasee reoffender but does not admit the documents into evidence. *See Dean v. State*, 230 So. 3d 420, 424 (Fla. 2017) (reversing a prison releasee reoffender sentence and remanding for resentencing because the "PRR [designation was] not supported by evidence in the record"); *Davenport v. State*, 971 So. 2d 293, 294–95 (Fla. 4th DCA 2008) (reversing a prison releasee reoffender sentence and remanding for resentencing when the trial court "purported to take judicial notice of its own files in [] related plea cases, wherein certified copies of convictions were entered," but the court did not admit the documents into evidence).

court could not rely on the transcript of Joseph Ciambrone's trial to summarily deny relief [in Heather Ciambrone's case]."); *Cintron v. State*, 504 So. 2d 795, 796 (Fla. 2d DCA 1987) (holding that the phrase "files and records" as used in rule 3.850 excludes documents outside the official court record). The postconviction record reflects that although the trial court took judicial notice of a sentencing packet filed in a different case, those documents were not admitted into the court record and did not become part of "the files and records" for purposes of rule 3.850. Accordingly, the postconviction court could not rely on those documents to summarily deny this claim. We therefore reverse the portion of the postconviction court's order that summarily denies this claim and remand for further proceedings.

Affirmed in part; reversed in part; and remanded.


NORTHCUTT, MORRIS, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____


Opinion subject to revision prior to official publication.