745 So.2d 983 (1999)
Henry Blanco AVILA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1971.
District Court of Appeal of Florida, Fourth District.
September 1, 1999.
*984 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Avila's conviction on charges of second-degree felony murder, armed burglary, and attempted robbery. The "victim" of the felony murder was Avila's co-perpetrator, Chavez, who was shot by the homeowner in the course of Avila and Chavez's commission of the burglary and attempted robbery.
The trial judge recognized that neither excusable nor justifiable homicide would be a defense to second-degree felony murder and that manslaughter is not a lesser-included offense to second-degree felony murder; accordingly, instructions to the jury did not include a charge on excusable and justifiable homicide.
Additionally, the trial judge instructed the jury as follows on reasonable doubt, deviating from the standard instruction by substituting "must" for "should" where noted in bold:
If you have a reasonable doubt as to the material allegations contained within the information, you must find the defendant not guilty. If you have no reasonable doubt as to the material allegations contained within the information, then you must find the defendant guilty.
Avila's objection to the use of the word "must" was overruled.
As a general rule, in homicide trials in which manslaughter appears on the verdict form, either as charged or as a lesser offense, the jury must be instructed as to the definitions of justifiable and excusable homicide. See State v. Lucas, 645 So.2d 425 (Fla.1994); State v. Smith, 573 So.2d 306 (Fla.1990). Manslaughter is a residual offense and can only be fully defined by exclusion of the properly explained defenses of excusable and justifiable homicide. See Lucas.
However, as the trial court recognized, where manslaughter is not a lesser-included offense to the degree of homicide charged, as in second-degree felony murder, there is no logical basis for requiring instruction on the definitions of excusable and justifiable homicide. In Hamilton v. State, 645 So.2d 555 (Fla. 2d DCA 1994), opinion modified on other grounds, 660 So.2d 1038 (Fla.1995), also a second-degree felony murder case, the district court rejected, without further comment, the defendant's similar claim of error in the failure to give an instruction based on the defense's theory of justifiable and excusable homicide. We agree; an instruction on excusable and justifiable homicide would only serve to mislead the jury where the true victim of the predicate offenses was justified in shooting one of the assailants, thus, leading to the charge of felony murder against the co-perpetrator.
We also find no abuse of discretion in the trial court's reasonable doubt instruction. The Florida Standard Jury Instructions *985 for Criminal Cases includes the following instruction on reasonable doubt:
Whenever the words "reasonable doubt" are used you must consider the following:
A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
* * *
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.
Fla. Std. Jury Instr. (Crim.) p. 12-13 (emphasis added).
The standard language instructs the jury on its obligation to either acquit or convict depending on whether they find a reasonable doubt exists. In Thomas v. State, 525 So.2d 945 (Fla. 4th DCA 1988), the same objection was raised, and Judge Glickstein recommended in his special concurring opinion to the per curiam affirmance, that the standing bar committee consider rewriting the last paragraph to read "must" instead of "should." His comments demonstrate the resultant consistency between the initial and final paragraphs where "must" is substituted for "should," as in this case.
Deviations from the standard instructions do not require reversal. See State v. Bryan, 287 So.2d 73 (Fla.1973). In Bryan, the court noted that "[w]hat is important is that sufficient instructions not necessarily academically perfect onesbe given as adequate guidance to enable a jury to arrive at a verdict based upon the law as applied to the evidence before them." Id. at 75.
As to all other issues raised, we also find no reversible error or abuse of discretion.
KLEIN and STEVENSON, JJ., concur.