GROSS, C.J.
 

 Christopher Dean appeals his convictions for second degree felony murder and burglary. The victim in this case committed the burglary along with Dean. He was killed when he was hit by an SUV driven by one of the residents of the burgled apartment during a high speed chase after
 
 *852
 
 Dean and the victim fled the scene of the burglary. We write to address Dean’s claim that the trial court erred in denying his motion for judgment of acquittal on the felony murder charge. We affirm and hold that the death occurred during the perpetration of a burglary within the meaning of the felony murder statute.
 

 This court reviews the denial of a motion for judgment of acquittal
 
 de novo
 
 and will affirm if the conviction is supported by competent, substantial evidence.
 
 E.g., Floyd v. State,
 
 913 So.2d 564, 571 (Fla.2005). When a defendant moves for a judgment of acquittal, he admits all the facts in evidence, and the trial court must draw all reasonable inferences in the state’s favor.
 
 Id.
 
 “If ... a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002) (citation omitted). At trial, the state presented the following facts.
 

 Phillondra Thompson and her boyfriend, Gregory Marlow, lived in a second-floor apartment in a complex bordering Interstate 95. The complex and 1-95 were separated by a fence and some hedges. On January 12, 2005, Marlow picked up Thompson at her job and they went to their apartment for lunch. When they arrived, they noticed an unfamiliar white Nissan Maxima in the parking lot. Its engine was running and the windows were tinted. Thompson and Marlow walked up the stairs to their apartment, and Thompson noticed the door was already unlocked.
 

 Marlow went inside the apartment to see if someone was inside. Thompson walked back downstairs and called 911. Marlow came outside and ran around the building to see if someone jumped off one of the apartment’s balconies. At that point Dean, a person whom Thompson did not know, ran out of the apartment carrying a plastic storage container. Dean got into the Maxima with the container and took off. Marlow jumped into his SUV and followed Dean’s car out of the complex.
 

 Thompson realized that a second person had been left behind. This was Eric Flint, the victim. Flint walked to the complex’s gate. He was talking on a cell phone. Upon discovering that the gate was broken and he could not get out, Flint headed back into the complex, jumped over the fence separating the complex from 1-95, and walked through the hedges.
 

 Meanwhile, Marlow followed Dean’s car outside the complex. At first Dean drove at a normal rate of speed, but he then began driving faster. Dean drove onto I-95 and weaved in and out of bumper-to-bumper traffic at a high rate of speed. Marlow tried to keep up "with him in the unobstructed emergency lane. Suddenly, Dean’s car slowed down. Marlow and his SUV were a few car lengths behind. Mar-low began to pull over and he saw Flint coming out of the hedges.
 

 Flint made a run for the Maxima. He saw Marlow, realized he could not make it to the Maxima, and stopped. Flint reached for something in his waistband. Marlow did not know what Flint was about to do, so he ducked in his car. His SUV went off the pavement and ran into bumpy ground, striking Flint and killing him. A jury found Dean guilty of burglary and second degree felony murder.
 

 As defined by section 782.04(3), Florida Statutes (2005), second degree felony murder occurs
 

 [w]hen a person is killed in the perpetration of, or in the attempt to perpetrate, any ... [bjurglary ... by a person other than the person engaged in the
 
 *853
 
 perpetration of or in the attempt to perpetrate such felony....
 

 In challenging the felony murder conviction, Dean argues that Flint’s death was not “in the perpetration of’ the burglary because the high speed chase by Marlow was not a predictable result of the felony.
 

 To decide whether a killing occurs “in the perpetration of’ a felony within the meaning of the felony murder statute, the supreme court has looked to see if there was a “break in the chain of circumstances” between the killing and the underlying felony.
 
 Parker v. State,
 
 641 So.2d 369, 376 (Fla.1994). In evaluating whether there has been such a break in the chain, courts focus on the time, distance, and causal relationship between the underlying felony and the killing.
 
 Parker v. State,
 
 570 So.2d 1048, 1051 (Fla. 1st DCA 1990).
 

 As we observed in
 
 State v. Williams,
 
 one of the most important factors to consider in deciding if there has been a “break in the chain of circumstances” is whether the “fleeing felon has reached a place of temporary safety.”
 
 Parker,
 
 570 So.2d at 1051 (quoting LaFave,
 
 Substantive Criminal Law,
 
 § 7.5 (1986)). If the felon has gained a place of temporary safety after commission of the felony and before the death of the victim, the felony murder rule generally does not apply.
 
 See State v. Pierce,
 
 23 S.W.3d 289, 295 (Tenn.2000).
 

 776 So.2d 1066, 1070 (Fla. 4th DCA 2001). By contrast, “[fjlight from the police in a car at a high rate of speed is an ‘inherently dangerous situation,’ of which a fatal automobile accident is a ‘predictable result.’ ”
 
 Id.
 
 (quoting
 
 State v. Hacker,
 
 510 So.2d 304, 306 (Fla. 4th DCA 1986)). Thus, the felony murder rule generally does apply in such a situation.
 
 See Parker,
 
 570 So.2d at 1052 (affirming a felony murder conviction where one officer struck and killed another officer who was trying to set up a road block during a high speed chase, because “[t]he death was a result of the high-speed chase necessitated by the robbers’ attempt to flee the scene of the crime”).
 

 For the purpose of applying the felony murder statute, there is no reason to distinguish flight from the police from any other type of flight by a perpetrator from the scene of a crime. Any such flight creates a perilous situation and the purpose of the felony murder statute “is to protect the public from inherently dangerous situations caused by the commission” of a felony.
 
 Parker,
 
 641 So.2d at 376 (quoting
 
 Parker,
 
 570 So.2d at 1051).
 
 Cf. Parker,
 
 570 So.2d at 1052 (affirming the exclusion of evidence of police negligence, which the defendant argued was an intervening cause, because, “[i]f a defendant was permitted to rely on the negligent conduct of the victim and third parties as intervening acts, it would defeat the obvious purpose of the statute”).
 

 Applying the factors to this case, the death occurred “in the perpetration of the burglary,” during Dean’s flight from the apartment complex. Flint’s death was causally related to the burglary — Marlow immediately gave chase when he saw Dean leaving the apartment and the chase continued unabated until the death; there was no point when Dean and Flint reached a place of temporary safety. The burglary and death occurred close in time and geographically near each other, as the apartment complex was just beyond the hedges alongside 1-95.
 

 Although Dean relies principally on
 
 Williams,
 
 that case is distinguishable. In
 
 Williams,
 
 we ruled that the felony murder statute did not apply because “there had been a break in the chain of circumstances during the twenty-four hours” from the applicable felony to the death of the victim.
 
 *854
 
 776 So.2d at 1071. Between the underlying crime and the death, the defendant had stopped for pizza and visited several places, so he “had reached several places of temporary safety after fleeing from the scene” of a carjacking.
 
 Id.
 
 We distinguished
 
 Williams
 
 from a case like this one, where a defendant is in “continuous flight” from the scene of a crime until the death of the victim.
 
 Id.
 

 We have considered the other points raised on appeal and find no error, much less fundamental error, in the prosecutor’s closing argument and no abuse of discretion in the trial court’s exclusion of a trooper’s recommendation to the prosecutor that Marlow be charged with vehicular homicide and leaving the scene of a death.
 

 Affirmed.
 

 HAZOURI and CIKLIN, JJ„ concur.