PER CURIAM.
Christopher Dean has filed a petition alleging that he received ineffective assistance of appellate counsel in his direct appeal in Dean v. State, 82 So.3d 851 (Fla. 4th DCA 2011), review denied, 81 So.3d 413 (Fla.2012). In Dean, this court affirmed his convictions and sentences for second degree felony murder and burglary. We grant the petition and remand for a new trial or plea negotiations.
The facts are discussed in this court’s opinion on direct appeal. The victim of the murder was Dean’s accomplice in the burglary who was struck and killed by a vehicle driven by the owner of the burglarized home who gave chase after the burglary. Dean claims that his appellate counsel was ineffective in failing to argue fundamental error in the jury instruction for burglary. The jury was instructed that to commit the offense of burglary, defendant was required to have a “fully formed, conscious intent to commit the offense of burglary in that structure.” It is well settled that the giving of this circular instruction is fundamental error. Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997); Puskac v. State, 735 So.2d 522, 523 (Fla. 4th DCA 1999). Unlike Freeman v. State, 787 So.2d 152, 153 (Fla. 4th DCA 2001), the court did not instruct the jury properly elsewhere in the instruction for burglary. The written instruction contains the same error.
The State concedes that the petition filed in this case is well taken and that this court has granted ineffective appellate counsel petitions which raised counsel’s failure to have argued this issue as fundamental error on direct appeal. See Guerra v. State, 10 So.3d 1164, 1165 (Fla. 4th DCA 2009); Bruce v. State, 879 So.2d 686, 688 (Fla. 4th DCA 2004); see also Lee v. State, 958 So.2d 521 (Fla. 2d DCA 2007).
As in Guerra, Bruce, and Lee, we determine that granting a new appeal would be redundant. The felony murder conviction in this case is also fundamentally flawed as the jury was required to find that defendant committed or attempted to commit a burglary in order to convict. The jury was never properly instructed as to the elements of burglary, and as a result, the felony murder conviction is also fundamentally flawed. Accordingly, we grant the petition and remand for a new trial or plea negotiations.

Petition granted and remanded for further proceedings.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.