DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER T. DEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-681

[May 18, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2005-CF-004089-AXXX-MB.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

The central issue in this case is whether the trial court erred in failing to instruct the jury on manslaughter as a category one lesser included offense of second-degree felony murder. We hold that, at the time of trial, the law in this district supported the trial judge's decision not to give the instruction.

Appellant Christopher Dean was found guilty of burglary and second-degree felony murder after he and Eric Flint burglarized an apartment and Flint was killed by the victim of the burglary during a high speed chase while attempting to flee the scene. Originally, we affirmed the convictions. *Dean v. State*, 82 So. 3d 851 (Fla. 4th DCA 2011) (*Dean I*). However, we later granted a petition alleging ineffective assistance of appellate counsel and remanded the case for a new trial. *Dean v. State*, 124 So. 3d 997 (Fla. 4th DCA 2013).

On retrial, the evidence was largely the same as that described in *Dean I*. 82 So. 3d at 851-52.

Appellant was charged with second-degree felony murder in violation of section 782.04(3)(e), Florida Statutes (2014), which states:

> When a human being is killed during the perpetration of, or during the attempt to perpetrate, any [burglary] by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony commits murder in the second degree. . . .

At the charge conference, defense counsel sought an instruction on manslaughter and culpable negligence as lesser included offenses of second-degree felony murder. Manslaughter is the "killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification . . . and in cases in which such killing shall not be excusable homicide or murder . . . ." § 782.07(1), Fla. Stat. (2014).

The state argued that neither manslaughter nor culpable negligence would be applicable because both would require that appellant be the one who killed Flint. The trial court agreed with the state and denied the request.

"Lesser included offenses fall into two categories: necessary and permissive." *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006). "Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense." *Id.* "A permissive lesser included offense exists when 'the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetuated once the greater offense has been." *Id.* "The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given." *State v. Wimberly*, 498 So. 2d 929, 932 (Fla. 1986).

At the time of trial, our decision in *Avila v. State*, stated, in no uncertain terms that "manslaughter is not a lesser-included offense" of "second-degree felony murder." 745 So. 2d 983, 984 (Fla. 4th DCA 1999). Like this case, *Avila* involved two perpetrators who committed a burglary and attempted robbery and the burglary victim shot one of the perpetrators in the course of the commission of the two crimes. *Id.* *Avila* supports the trial court's ruling on appellant's request for a manslaughter instruction.

Given *Avila,* we disagree with appellant's contention that, at the time of trial, manslaughter was a category one lesser included offense of second degree felony murder. Reduced to its essence, manslaughter requires the commission of an act that directly causes the death of another. *See Tyus v. State,* 845 So. 2d 318, 321 (Fla. 1st DCA 2003) ("The two affirmative elements of manslaughter are the killing and a causative link between the death and the act . . . of the defendant."); *State v. Hare,* 190 Neb. 339, 343 (Neb. 1973) ("To sustain a conviction for manslaughter, the evidence must be sufficient to justify the finding of a causal connection between the unlawful act and the death of the victim."). Second-degree felony murder, on the other hand, requires the commission of an enumerated felony, with the death occurring "during the perpetration of" the felony, caused by a person *not* engaged in the perpetration of the felony. Unlike manslaughter, for second-degree felony murder there is no direct casual connection between the death of the victim and an act of the defendant. Manslaughter is thus not "always subsumed" within second-degree felony murder, because the act that caused death is by definition committed by a person who had nothing to do with the commission of the underlying felony. We believe *Avila* to have been correctly decided.

Appellant points to the Florida Standard Jury Instruction (Criminal) 7.5, which the Florida Supreme Court authorized "for publication and use" after the trial in this case, in August 2014. *In re Standard Jury Instructions in Criminal Cases—Report No. 2013-03,* 146 So. 3d 1110, 1110 (Fla. 2014) (Mem). That instruction lists manslaughter as a category one lesser included offense of second degree felony murder. *Id.* at 1116. Attached to this listing is this footnote:

> *Avila v. State,* 745 So. 2d 983 (Fla. 4th DCA 1999) indicates that manslaughter is not a Category One lesser included offense of second degree felony murder, but see *State v. Montgomery,* 39 So. 3d 252 (Fla. 2010).

*Id.* at 1142.

This reference to *Avila* is curious, because that case held manslaughter was *not* a category one lesser included offense of second degree felony murder. The signal "but see" preceding the citation to *Montgomery* suggests that *Montgomery* impacted *Avila* in some way. However, *Montgomery* was a case where the main charge was first degree murder, not second degree felony murder, and the Supreme Court stated that "[m]anslaughter is a category one lesser included offense of first-degree murder." 39 So. 3d at 259. We have found nothing in *Montgomery* that

discusses second degree felony murder, so we do not read *Montgomery* as overruling *Avila.*

Nothing in the Supreme Court's adoption of the 2014 revision to Criminal Instruction 7.5 suggests that it is to be applied retroactively. In fact, as is common with opinions authorizing jury instructions for publication and use, the Supreme Court stated: "In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions." *In re Standard Jury Instructions in Criminal Cases,* 146 So. 3d at 1111; *see also Higgins v. State,* 565 So. 2d 698, 700 n.2 (Fla. 1990) (where the court found that second degree arson was not a necessarily lesser included offense of first degree arson despite the fact that it was listed as such on the schedule of lesser included offenses to the standard jury instructions, and thus amended the schedule).

Given the shifting sands of the law when it comes to jury instructions, *see Montgomery,* 39 So. 3d at 257-58, we do not suggest that trial judges ignore the lesser included offense aspects of Instruction 7.5. The prudent course would be for a court to give the instruction of manslaughter as a lesser included offense when the defendant requests it; the state could preserve the issue with an objection and then raise the issue on a cross-appeal in the event of a conviction.

Appellant also argues that the trial court precluded him from cross examining the burglary victim who caused co-defendant Flint's death by hitting him with his car. Appellant wanted to establish that the victim had a motive to shade his testimony because of worries that he might be prosecuted for his conduct. We find any error to be harmless. On the second degree felony murder charge, even the victim's extreme recklessness would not alter appellant's culpability; it was undisputed that the death occurred during the perpetrators' flight from the crime, which brings it within the felony murder statute. *See Dean I,* 82 So. 3d at 853.

We considered the issues appellant raised with regard to sentencing and find them to be without merit.

*Affirmed.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

- 4 -

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***