# Supreme Court of Florida

————————

No. SC16-1314

————————

**CHRISTOPHER DEAN**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[August 31, 2017]

PER CURIAM.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in Dean v. State, 199 So. 3d 932 (Fla. 4th DCA 2016). In its decision, the district court ruled upon the following question, which it subsequently certified to be of great public importance:[1]

> IS MANSLAUGHTER A CATEGORY ONE LESSER INCLUDED OFFENSE OF SECOND-DEGREE FELONY MURDER?

---

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

Id. at 934-36; Dean v. State, 193 So. 3d 1108,1108 (Fla. 4th DCA 2016) (granting motion for certification). For the reasons expressed below, we answer the certified question in the affirmative.

## I. BACKGROUND

Following a jury trial in February 2014, Christopher Dean was convicted as charged of second-degree felony murder and burglary. The trial court designated Dean a prison releasee reoffender (PRR) and sentenced him to life for the murder and 15 years for the burglary. The murder victim in this case, Eric Flint, committed the burglary along with Dean. Flint was killed by one of the burglary victims during a high-speed car chase that ensued as Dean and Flint fled from the scene of the burglary. At trial, the State's case against Dean was based on the following evidence.

Phillondra Thompson and Gregory Marlow lived in a second-floor apartment just west of I-95 in Palm Beach County. On January 12, 2005, they came home for lunch and saw an unfamiliar white Nissan Maxima in the parking lot with the engine running and no one inside. They discovered the door to their apartment open, so Marlow checked to see if someone was inside, and Thompson went downstairs to call 911. Marlow then went around to the back of the apartment building to see if someone was on their balcony. At that point, Thompson saw Dean coming down the stairs from the apartment carrying a green

plastic bin. Dean put the bin inside the Maxima and quickly drove away. Marlow then jumped into his SUV and followed Dean. Shortly thereafter, Thompson saw Flint walk down the stairs from her apartment. Flint jumped over the fence separating the apartment complex from the road and walked through the hedges towards I-95.

Marlow continued to pursue Dean at a high rate of speed, eventually following him onto I-95. Dean was speeding and weaving in and out of traffic, and Marlow tried to keep up. As Marlow was driving, he called 911, and the operator advised him to stop pursuing Dean, but he did not. When Dean abruptly pulled off onto the right side of the interstate, Marlow continued following fast behind him. At that point, Marlow saw Flint come through the hedges and run towards the Maxima. Flint also saw Marlow and then he reached for something in his waistband. Believing that Flint was reaching for a gun, Marlow ducked inside his vehicle, which continued moving forward, striking and killing Flint.

After this evidence was presented to the jury, defense counsel requested that, in addition to the charged offense of second-degree felony murder, the jury be instructed on manslaughter as a lesser included offense. The State opposed the request, arguing that manslaughter was not a lesser included offense of second-degree felony murder. The trial court agreed and denied defense counsel's request. The jury was then given the standard instruction for second-degree felony murder.

On appeal to the Fourth District, Dean argued that the trial court erred in denying his request for the manslaughter instruction because it is a necessarily lesser included offense of second-degree felony murder and, therefore, the trial court was required to give the instruction. Dean, 199 So. 3d at 935. The Fourth District affirmed the trial court's ruling, citing its decision in Avila v. State, 745 So. 2d 983 (Fla. 4th DCA 1999), in which it stated that " 'manslaughter is not a lesser-included offense' of 'second-degree felony murder.' " Id. (quoting Avila, 745 So. 2d at 984). The Fourth District concluded that Avila had been correctly decided based on the following reasoning:

> Reduced to its essence, manslaughter requires the commission of an act that directly causes the death of another. Second-degree felony murder, on the other hand, requires the commission of an enumerated felony, with the death occurring "during the perpetration of" the felony, caused by a person not engaged in the perpetration of the felony. Unlike manslaughter, for second-degree felony murder there is no direct casual [sic] connection between the death of the victim and an act of the defendant. Manslaughter is thus not "always subsumed" within second-degree felony murder, because the act that caused death is by definition committed by a person who had nothing to do with the commission of the underlying felony.

Id. (citations omitted). Thereafter, the Fourth District granted Dean's motion to certify the question of whether manslaughter is a necessarily lesser included offense of second-degree felony murder. Dean, 193 So. 3d at 1108.

On appeal to this Court, Dean raises three issues in addition to the certified question: (1) whether the trial court abused its discretion in limiting the defense's

- 4 -

cross-examination of a key witness; (2) whether the trial court properly controlled the content of both the State's and the defense's closing arguments; and (3) whether his PRR sentences are supported by the evidence in the record and whether they are unconstitutional under the Sixth Amendment. Below, we address the certified question and whether Dean's PRR sentences are supported by the record. We reject the remaining issues without further comment.

## II. CERTIFIED QUESTION

Dean argues that we should answer the certified question in the affirmative because the elements of manslaughter are subsumed within the elements of second-degree felony murder.[2] We agree.

The second-degree felony murder statute provides:

> When a person is killed in the perpetration of, or in the attempt to perpetrate, any [enumerated felony] by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree . . . .

§ 782.04(3), Fla. Stat. (2004). Pursuant to the statute, to be guilty of second-degree felony murder the following elements must be present: (1) the victim is dead; (2) the defendant was not the person who actually killed the victim, but he or she did commit or did knowingly aid, abet, counsel, hire, or otherwise procure the

_____

2. Because the certified question is a pure question of law our review is de novo. Haygood v. State, 109 So. 3d 735, 739 (Fla. 2013).

commission of a felony; (3) the victim's death was caused during and was the consequence of the commission, or the escape from the immediate scene, of the felony; and (4) the person who actually killed the victim was not involved in the commission of the felony.  See Fla. Std. Jury Instr. (Crim.) 7.5.

Manslaughter is defined as:

[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of [chapter 782] . . . .

§ 782.07(1), Fla. Stat. (2004).  Based on the statute, the two elements of manslaughter are the unjustified or inexcusable killing of the victim and "a causative link between the death and the act, procurement, or culpable negligence of the defendant."  Tyus v. State, 845 So. 2d 318, 321 (Fla. 1st DCA 2003).

"Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense."  Walton v. State, 208 So. 3d 60, 64 (Fla. 2016) (quoting Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006)).

The elements of manslaughter are always subsumed within the elements of second-degree felony murder because both offenses require some action by the defendant that ultimately causes the victim's death.  Under the second-degree felony murder statute, the action by the defendant is the commission of the

underlying felony. And the statutory requirement that the victim be killed "in the perpetration of" the underlying felony creates an element of causation between the defendant's act of committing the felony and the death of the victim. See Parker v. State, 570 So. 2d 1048, 1052 (Fla. 1st DCA 1990) (recognizing there must be a "nexus between the [felony] and the death" to support a conviction for second-degree felony murder); see also Parker v. State, 641 So. 2d 369, 376 (Fla. 1994) (explaining that "[t]he purpose of the felony-murder statute 'is to protect the public from inherently dangerous situations caused by the commission of the felony.' " (quoting State v. Hacker, 510 So. 2d 304, 306 (Fla. 4th DCA 1986))).

Contrary to the State's argument and the Fourth District's reasoning in Dean, the distinguishing factor between manslaughter and second-degree felony murder is not whether the victim's death was actually caused by the defendant or by someone else. Just as with second-degree felony murder, a defendant may be guilty of manslaughter when he or she sets in motion a course of events that leads to the death of the victim as the result of a third party's actions. See, e.g., Miller v. State, 782 So. 2d 426, 428-30 (Fla. 2d DCA 2001) (holding that evidence was sufficient to support manslaughter convictions where victims were killed by a third party in a traffic accident after the defendant stole a stop sign from the intersection where the accident occurred); see also Reyes v. State, 783 So. 2d 1129, 1132-33 (Fla. 3d DCA 2001) (holding that a defendant could properly be convicted of

manslaughter for the death of a victim he did not actually shoot because "each participant in a mutually-agreed-to-gun battle in a public place may be held accountable for any death or injury to an innocent person which results from that confrontation"). Instead, the difference between the two offenses is that to be guilty of second-degree felony murder the defendant must have committed one of the felonies enumerated in section 782.04(3), Florida Statutes, (as opposed to another crime or act) and the victim must always have been killed by someone not involved in the commission of the underlying felony. Cf. Miller, 782 So. 2d at 428 (underlying act by defendant leading to victims' death was grand theft, which is not a qualifying offense in the second-degree felony murder statute).

Accordingly, we answer the certified question in the affirmative and hold that manslaughter is a necessarily lesser included offense of second-degree felony murder.

### III. PRR SENTENCES

We quash the Fourth District's holding regarding Dean's PRR sentences and remand for resentencing because his designation as a PRR is not supported by the evidence in the record in this case.[3] See Davenport v. State, 971 So. 2d 293, 295

---

3. After the jury rendered its verdicts finding Dean guilty of second-degree felony murder and burglary, the trial court immediately proceeded to sentencing. The State requested that Dean be sentenced as a PRR on both counts, however, the State did not introduce any evidence to support a finding that Dean committed the crimes in this case within three years of being released from a state correctional

(Fla. 4th DCA 2008) ("It is permissible for a trial court to take judicial notice of its own files, but the trial judge has to put such evidence in the record of each case when sentencing a defendant as an HFO and PRR."), rev. denied, 993 So. 2d 511 (Fla. 2008).  On remand, the State may present evidence to prove that Dean meets the statutory requirements to be sentenced as a PRR.  See Ward v. State, 11 So. 3d 459, 459 (Fla. 3d DCA 2009); see also State v. Collins, 985 So. 2d 985, 990 (Fla. 2008) ("[B]ecause a resentencing is a new proceeding, the State may present additional evidence on remand to prove the defendant qualifies for habitual felony offender sentencing.")

## IV.  CONCLUSION

For the reasons expressed above, we answer the certified question in the affirmative.  For the reasons expressed in Justice Polston's concurring opinion and Justice Quince's concurring in result only opinion, we approve the result of the Fourth District's decision to affirm Dean's convictions.  However, we quash the

---

facility.  See § 775.082(9)(a), Fla. Stat.  Instead, the State relied on a copy of its notice of intent to seek a PRR sentence and the sentencing transcript from Dean's first trial in 2008.  The 2008 sentencing transcript reflects that in that proceeding the State introduced certified copies of DOC records regarding Dean's release date and his latent fingerprints, and that, based on those records, Dean was sentenced as a PRR.  However, the actual document evidence supporting Dean's initial PRR sentences was not presented to the trial court when Dean was sentenced in 2014.

Fourth District's holding regarding Dean's PRR sentences and remand for resentencing.

It is so ordered.

LEWIS, CANADY, and LAWSON, JJ., concur.
POLSTON, J., concurs with an opinion, in which CANADY and LAWSON, JJ., concur.
QUINCE, J., concurs in result only with an opinion.
PARIENTE, J., concurs in part and dissents in part with an opinion.
LABARGA, C.J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

POLSTON, J., concurring.

I concur with the majority's opinion in all respects, including its decision to approve the Fourth District's affirmance of Dean's convictions. I acknowledge that under this Court's precedent the trial court's failure to give a requested jury instruction on a necessarily lesser included offense one step removed from the charged offense is per se reversible error. See State v. Abreau, 363 So. 2d 1063, 1064 (Fla. 1978). However, this rule, and the requirement that a trial judge always give such a requested instruction, "is bottomed upon a recognition of the jury's right to exercise its 'pardon power.' " State v. Wimberly, 498 So. 2d 929, 932 (Fla. 1986); see also Abreau, 363 So. 2d at 1064 (holding that the failure to instruct on a lesser included offense one step removed "cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have

- 10 -

'pardoned' the defendant"). "This 'pardon power' allows the jury to acquit a defendant of a greater offense and convict him or her of a lesser one even though the evidence supports both crimes." Sanders v. State, 946 So. 2d 953, 957 (Fla. 2006).

As Justice Canady stated in his dissent in Haygood v. State, 109 So. 3d 735, 749 (Fla. 2013) (Canady, J., dissenting), "[n]othing in the Florida Constitution, the Florida Statutes, or the Florida Rules of Criminal Procedure supports our recognition of such a right of access to a partial jury nullification." In Sanders, a majority of this Court called into question the legal foundation of the jury pardon doctrine, recognizing that a jury pardon is "essentially 'a not guilty verdict rendered contrary to the law and evidence' and is an aberration." 946 So. 2d at 958 (quoting Willis v. State, 840 So. 2d 1135, 1138 (Fla. 4th DCA 2003) (Klein, J., concurring specially)).

As this Court explained in Sanders, "[b]y definition, jury pardons violate the oath jurors must take before trial, as well as the instructions the trial court gives them." Id. "Jurors in a criminal trial are required to swear or affirm that they 'will well and truly try the issues between the State of Florida and the defendant and render a true verdict according to the law and the evidence.' " Haygood, 109 So. 3d at 750 (Canady, J., dissenting) (quoting Fla. R. Crim. P. 3.360). When instructions are given for the charged offense as well as any lesser included

- 11 -

offenses, the jury is further instructed that "[i]f you return a verdict of guilty, it should be for the <u>highest offense which has been proven beyond a reasonable doubt</u>." <u>Id.</u> (quoting Fla. Std. Jury Instr. (Crim.) 3.12) (emphasis added).

In cases such as this one, where the evidence supports the charged offense as well as the requested instruction on a necessarily lesser included offense, any error in failing to give the requested instruction is harmless because the defendant is not entitled to an opportunity for a jury pardon. Here, the jury's verdict as to Dean's guilt establishes that the State proved the elements of second-degree felony murder beyond a reasonable doubt. Therefore, even if the trial court had given an instruction on manslaughter as Dean requested, the jury would still have been required to find Dean guilty of second-degree felony murder. Accordingly, the trial court's failure to give the manslaughter instruction was harmless, and the Fourth District properly affirmed Dean's convictions.

CANADY and LAWSON, JJ., concur.

QUINCE, J., concurring in result only.

I agree with the majority's decision to approve the result of the Fourth District's decision affirming Dean's convictions. However, I cannot agree with the majority's conclusion that manslaughter is a category one lesser included offense

of second-degree felony murder.[4]  Because second-degree felony murder requires that the victim's death occur at the hands of "a person other than the person engaged in the perpetration of or in the attempt to perpetrate [an enumerated] felony,"[5] and manslaughter by act can occur when a defendant has directly or indirectly caused the death of another,[6] I would find that manslaughter by act is a category two lesser offense.  Accordingly, I agree that Dean's convictions should be affirmed.  Because I would conclude that manslaughter is not a necessarily lesser included offense of second-degree felony murder, I would answer the certified question in the negative and approve the Fourth District's decision below.

First, the definition of second-degree felony murder provided in the statutes is as follows:

> When a human being is killed during the perpetration of, or during the attempt to perpetrate, any [enumerated felony] <u>by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony</u>, the person perpetrating or attempting to perpetrate such felony commits murder in the second degree . . . ."

---

4. Indeed, the majority's decision to answer the question in the affirmative belies its decision to affirm Dean's convictions.  This Court has repeatedly held that failure to instruct the jury on a category one lesser included offense is reversible error requiring a new trial.  Haygood v. State, 109 So. 3d 735, 741-43 (Fla. 2013).

5. See § 782.04(3), Fla. Stat. (2016).

6. A felony that serves as a predicate to finding felony murder is not inherently an act that causes the death of another.

§ 782.04(3), Fla. Stat. (2016) (emphasis added).  We must be clear on the purpose of the felony murder statute.  As a society, we have decided that the desire to protect the public from the dangers associated with the commission of felony offenses permits the State to consider a defendant to be criminally liable for the acts of others as a consequence of the felony murder rule and the law of principals.  See Adams v. State, 341 So. 2d 765, 767-68 (Fla. 1976), superseded by statute, State v. Dene, 533 So. 2d 265, 267 (Fla. 1988) (noting that the statutes were revised to distinguish between degrees of murder); Pope v. State, 94 So. 865, 869 (Fla. 1922) (" 'The principle is well established that when several persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design, and if several persons combine to do an unlawful act and in prosecution of the common object a culpable homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish.' " (quoting Henry v. State, 89 So. 136, 138 (Fla. 1921))).  In other words, our precedent provides that where the defendant is a principal in the commission or attempt to commit one of the felonies enumerated in either the first-degree or second-degree felony murder statute, and the murder is a natural and foreseeable consequence of the motivations involved in such felony, the defendant may be charged and convicted as a principal in the homicide.  We do

not extend this reasoning when there is an intervening and independent act—the lethal act must be in furtherance of the unlawful act the parties set out to accomplish; there must be some causal connection between the homicide and the felony. See Bryant v. State, 412 So. 2d 347, 350 (Fla. 1982) (reversing the conviction for first-degree murder, explaining that "[s]ince it is the commission of a homicide in conjunction with intent to commit the felony which supplants the requirement of premeditation for first-degree murder, Fleming v. State, 374 So. 2d 954 (Fla. 1979), there must be some causal connection between the homicide and the felony"). The purpose of this rule is to enhance punishment to deter the inherently dangerous situations caused by the commission of a felony that causes the death of another. See Parker v. State, 641 So. 2d 369, 376 (Fla. 1994).

To be sure, the facts of this case support the application of the felony murder statute. Dean and Flint were in flight from the burglary they committed when Flint was struck by the burglary victim's car. The flight from the burglary is part of the res gestae of that felony. See Campbell v. State, 227 So. 2d 873, 878 (Fla. 1969); Jefferson v. State, 128 So. 2d 132, 137 (Fla. 1961). This is just the sort of behavior the felony murder rule seeks to deter. However, manslaughter by act requires the direct act of the defendant, which in this case did not occur.

In Montgomery, we concluded that manslaughter by act did not require an intent to kill the victim, only the intent to perform the act that led to the victim's

death; participation in the robbery was not the act that led to the participant's death in this case. The majority reasons that "[t]he elements of manslaughter are always subsumed within the elements of second-degree felony murder because both offenses require some action by the defendant that ultimately causes the victim's death." Majority op. at 6. This reasoning is a misstatement of second-degree felony murder, which requires the action of a third party not engaged in the felony. The majority then reasons that the commission of the underlying felony is the requisite action causing the victim's death to qualify as manslaughter by act. Such reasoning reads the requirements of the felony murder statute into the manslaughter statute and cannot be supported. To find that manslaughter is a category one lesser included offense, the elements of manslaughter must be present without relying on the language of another statute.[7]

The majority, and the Fourth District below, have extended our decision in Montgomery to exclude all direct action or proximate cause by a defendant in manslaughter by act. While manslaughter by act does not require intent to kill, it

_____

7. For example, if Dean engaged in a high-speed chase with Flint as a passenger during the flight from the burglary and a third party, such as the burglary victim in this case, struck the car leading to Flint's death, a jury could reasonably find either second-degree felony murder or manslaughter by act. The act in this example would be that Dean led a high speed chase, but the fact that Flint's death was caused by a third party during the flight from the burglary would also qualify his death as second-degree felony murder.

still requires intent to have done the act that directly or proximately causes the death of the victim.  The removal of the stop sign in <u>Miller</u> directly led to the death of the victim in this case.  But for the removal, the accident would not have occurred.  Here, the robbery was not a direct cause of death.  The robbery may have placed the parties in closer proximity, but the robbery did not cause the burglary victim to strike Flint.  The burglary is only related because flight from the burglary and the actions of the third non-principal party qualifies the death for second-degree felony murder.

Flint was struck and killed by a car not driven by Dean.  Dean did not lure Flint onto I-95 and place him in the path of the vehicle that struck him.  Dean's high-speed driving did not push another car into a victim, causing his or her death.  Dean did not remove a guardrail that would have protected Flint from injury.  There is no action performed by Dean that but for said action Flint would be alive.  Dean's actions did not directly or indirectly cause the death of Eric Flint.  Accordingly, the reasoning in <u>Montgomery</u> does not apply.

Second, if manslaughter by act is a necessarily included offense, the appropriate remedy is to remand for a new trial.  As we stated in <u>Montgomery</u>, a " 'necessarily lesser included offense' is . . . a lesser offense that is always included in the major offense.  <u>The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense.</u>  Once the judge

determines that the offense is a necessarily lesser included offense, an instruction must be given." Montgomery, 39 So. 3d at 259 (quoting Wimberly, 498 So. 2d at 932) (emphasis added). My colleague argues that there is no inherent error in failure to instruct on an immediate lesser-included offense because there is no right for the jury to exercise its pardon power. Concurring op. at 2 (Polston, J., concurring). This Court has recognized the opposite for as long as there has been a Florida Supreme Court. See, e.g., Brown v. State, 12 So. 640, 642 (Fla. 1893) ("The offense of which there has been a conviction is included within or may be carved out of that major offense charged in the indictment, and the indictment is sufficient to sustain the conviction. . . . And that fact that the evidence is more than sufficient to support the conviction does not render it insufficient to do so, and the prisoner is in nowise hurt by that excess of its probative force which the jury has ignored."); Hayes v. State, 564 So. 2d 161, 163 (Fla. 1990) ("Failure to so instruct on the next immediate lesser-included offense of the crime charged is reversible error because it has the effect of removing from the jury an opportunity to exercise its inherent pardon power." (citing State v. Abreau, 363 So. 2d 1063 (Fla. 1978))); Brown v. State, 206 So. 2d 377, 384 (Fla. 1968) ("Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily

- 18 -

included offense instruction should [b]e given."); Jimenez v. State, 30 So. 2d 292, 295 (Fla. 1947). To hold otherwise, as the majority currently does, is to recede from centuries of caselaw without an explanation.

Because I would find that one cannot read the requirements of felony murder into the manslaughter statutes to find culpability and because the facts of this case do not support a finding of manslaughter by act, I would find that manslaughter by act is not a necessarily included offense. To the extent the majority holds otherwise, I cannot agree. However, because I would find that manslaughter by act is a permissive included offense—category two—and that there was no error in failing to read the instruction here, where the facts did not support a finding of manslaughter by act, I concur in the result to approve the Fourth District's affirmance of Dean's conviction.

PARIENTE, J., concurring in part and dissenting in part.

I concur in answering the certified question in the affirmative by concluding that manslaughter is a lesser included offense of second-degree murder. I dissent, however, from the decision to approve "the result of the Fourth District's decision to affirm Dean's convictions." Majority op. at 9. Under our case law, the trial court's error in failing to instruct the jury on manslaughter, a category one lesser included offense of second-degree felony murder, is per se reversible.

- 19 -

Accordingly, I would quash the Fourth District's decision in <u>Dean v. State</u>, 199 So. 3d 932 (Fla. 4th DCA 2016), and remand for a new trial.

In <u>State v. Montgomery</u>, 39 So. 3d 252, 259 (Fla. 2010), this Court unanimously held that, "[a]t trial, the jury must be instructed on category one lesser included offenses." <u>See</u> <u>Haygood v. State</u>, 109 So. 3d 735, 742 (Fla. 2013). Indeed, Justice Polston's concurring opinion recognizes this Court's long-standing precedent that a "trial court's failure to give a requested jury instruction on a necessarily lesser included offense one step removed from the charged offense is per se reversible error." Concurring op. at 10 (Polston, J., concurring) (citing <u>State v. Abreau</u>, 363 So. 2d 1063, 1064 (Fla. 1978)). As this Court explained in <u>Abreau</u>:

> Only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible. Where the omitted instruction relates to an offense two or more steps removed, . . . reviewing courts may properly find such error to be harmless.

363 So. 2d at 1064. Therefore, because the majority answers the certified question in the affirmative, a harmless error analysis is unnecessary, and our precedent compels us to reverse Dean's conviction and remand for a new trial. <u>See</u> <u>Haygood</u>, 109 So. 3d at 743; <u>Montgomery</u>, 39 So. 3d at 260.

Notwithstanding our precedent directing that this error is per se reversible, Justice Lawson would now adopt Justice Canady's dissenting opinion in <u>Haygood</u>, which Justice Polston joined, concluding that the unreasonableness of Florida's

- 20 -

jury pardon power directs that harmless error is the proper analysis in this context. 109 So. 3d at 746 (Canady, J., dissenting). Justice Quince, who concurs in the result of affirming the conviction because she would not find manslaughter to be a lesser included offense, recognizes that "if manslaughter by act is a necessarily included offense, the appropriate remedy is to remand for a new trial" based on well-established and recently affirmed precedent. See concurring in result only op. at 17 (Quince, J., concurring in result only).

Further, not only is the error per se reversible but, under the facts of this case, it is not "beyond any doubt that no rational juror, acting on the basis of the facts and a correct understanding of the law, could determine the defendant to be guilty of the lesser offense and innocent of the charged offense." Haygood, 109 So. 3d at 746 (Canady, J., dissenting). This is not a jury pardon case, as Justice Polston's concurring opinion suggests. Concurring op. at 10 (Polston, J., concurring). Dean left the scene of the burglary and drove away before his codefendant, Flint, was killed by the victim, Marlow, who disregarded the 911 operator's instructions to stop following Dean and Flint onto I-95. Majority op. at 3. Thus, a reasonable jury could have convicted Dean of manslaughter, a second-degree felony with a fifteen-year sentence, rather than second-degree felony murder, a first-degree felony with a maximum sentence of life. See § 775.082, Fla. Stat. (2004); majority op. at 6-7.

So, Dean wins a pyrrhic victory. He receives a favorable answer on manslaughter being a lesser included offense of second-degree felony murder, but he does not receive a new trial with a proper jury instruction on the lesser included offense of manslaughter. In my view, there would be a real possibility that the jury would have found him guilty of the lesser included offense, not as a result of the jurors disregarding their oath, but because the facts of this case could fit into manslaughter. Accordingly, I dissent from the decision to affirm Dean's convictions. I concur, however, that Dean is entitled to resentencing after striking the PRR sentence.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

   Fourth District - Case No. 4D14-681

   (Palm Beach County)

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

   for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Celia Terenzio, Bureau Chief, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, Florida,

   for Respondent