DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER TAVARIS DEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2706

[April 13, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502005CF004089AXXXMB.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood and Jessenia J. Concepcion, Assistant Attorney Generals, West Palm Beach, for appellee.

KUNTZ, J.

Christopher Dean again appeals his sentence to life in prison. We write to address Dean's argument that the State failed to satisfy Marsy's Law in its treatment of the victim's mother. Art. I, § 16, Fla. Const. We affirm.

*Background*

We explained the facts of this case in the direct appeal, *Dean v. State*, 82 So. 3d 851, 852 (Fla. 4th DCA 2011) ("*Dean I*"). In sum, Eric Flint, the murder victim, was Dean's accomplice in a burglary. *Dean v. State*, 124 So. 3d 997, 997 (Fla. 4th DCA 2013) (*"Dean II"*). Flint "was struck and killed by a vehicle driven by the owner of the burglarized home who gave chase after the burglary." *Id.*

This Court affirmed Dean's felony murder conviction in 2011. *Dean I*, 82 So. 3d at 854. However, two years later, we granted Dean's petition alleging ineffective assistance of counsel and remanded "for a new trial or

plea negotiations." *Dean II*, 124 So. 3d at 997. After resentencing, we again affirmed Dean's life sentence, *Dean v. State*, 199 So. 3d 932, 936 (Fla. 4th DCA 2016) ("*Dean III*"), but the Florida Supreme Court reversed and remanded for resentencing, *Dean v. State*, 230 So. 3d 420, 425 (Fla. 2017) ("*Dean IV*"). On remand from the Florida Supreme Court, we affirmed the convictions and remanded to the circuit court for resentencing. *Dean v. State*, 239 So. 3d 702, 702 (Fla. 4th DCA 2018) ("*Dean V*").

In the circuit court, Dean was once again sentenced to life in prison and, again, we reversed. In a divided opinion, this Court held that Dean was deprived of a de novo resentencing hearing and remanded the case for a "clean slate" resentencing. *Dean v. State*, 294 So. 3d 350, 354 (Fla. 4th DCA 2020) ("*Dean VI*"). On remand from *Dean VI*, the circuit court sentenced Dean to life in prison for the fourth time. As in the prior sentences, the circuit court sentenced Dean as a prison releasee reoffender (PRR), which required the court to impose a life sentence.

Now, more than seventeen years after the unfortunate events in 2005, the case returns to this Court.

*Analysis*

Dean raises multiple issues on appeal. We address the first issue—whether he was sentenced to life imprisonment without due process of law and in violation of Marsy's Law—and affirm the remaining issues without discussion.

Dean argues that "the State incorrectly concluded that Eric Flint was not a homicide victim" because Flint was an accomplice in the burglary. He states that the PRR statute and Marsy's Law required the State to consider the views of Flint's mother, Ms. Tomlinson, in deciding whether to seek PRR sentencing.[1] For this reason, he maintains we should reverse and remand for a fifth de novo sentencing.

We acknowledge the importance of victim's rights. In 2018, sixty-one percent of Florida voters found them worthy of placement in Florida's Constitution. *See* Art. I, § 16(b), Fla. Const. Marsy's Law, as it is known, "creat[ed] a Bill of Rights for crime victims and their families." *L. T. v.*

---

[1] At the sentencing hearing, Ms. Tomlinson testified that she disagreed with a life sentence for Dean, stating "he was offered 15 years and he's done 15 years; I think he should be time served, put on probation, or something."

2

*State*, 296 So. 3d 490, 494 (Fla. 1st DCA 2020).  That Bill of Rights for crime victims *and their families* is extensive and includes:

> b. The right to be heard in any public proceeding involving pretrial or other release from any form of legal constraint, plea, sentencing, adjudication, or parole, and any proceeding during which a right of the victim is implicated.
>
> c. The right to confer with the prosecuting attorney concerning any plea agreements, participation in pretrial diversion programs, release, restitution, sentencing, or any other disposition of the case.

Art. I, § 16(b)(6) b.-c., Fla. Const.  In essence, Dean argues that "victims have a constitutional right to be heard," and Ms. Tomlinson was denied that right.  As a result, he argues he is entitled to resentencing.  We disagree.

The PRR statute grants the state attorney the authority to determine whether extenuating circumstances preclude the sentencing of the defendant under the PRR statute:

> (d) 1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, *unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.*

§ 775.082(9)(d)1., Fla. Stat.  (2004) (emphasis added).[2]

We agree Ms. Tomlinson had a right under Marsy's Law to be treated as a victim.  Unfortunately, the State did not formally label her a victim.  Nevertheless, the State afforded her the right to be heard.  Ms. Tomlinson's counsel met with the elected state attorney, the chief assistant state attorney, the prosecuting attorney, and others relevant to Dean's sentencing.  Ms. Tomlinson's attorney explained that those individuals "gave [him] their time," and counsel "took what they gave [him] back to"

---

[2] The statutory section at issue in this appeal is the version that existed in 2004. The section has since been amended thirteen times, but the substance of section 775.082(9)(d)1. remains the same.

Ms. Tomlinson.

The prosecuting attorney explained that Ms. Tomlinson "had every opportunity that would be provided to any other . . . person categorized as a victim under the law." The chief assistant state attorney met with Ms. Tomlinson for "several hours" and "allowed [Ms. Tomlinson] to say and discuss . . . her feelings in the case." According to the prosecutor, the state attorney afforded Ms. Tomlinson and her attorney time "to make their case."

Ms. Tomlinson's counsel asked the circuit court to decide if she had a specific right beyond the State's consideration of her views on Dean's sentencing. Counsel stated that "Ms. Tomlinson's interest in the case . . . is whether or not there's some enforcement principle to Mar[s]y's law for her to have an ability to have her wishes followed by the state." In other words, Ms. Tomlinson sought to override the state attorney's decision.

That she could not do. The State had the prosecutorial discretion to invoke the Prison Releasee Reoffender Act. Without a compelling equal protection argument, we cannot disturb the State's exercise of its discretion. *See State v. Cotton*, 769 So. 2d 345, 351 (Fla. 2000) (citations omitted) ("[A]bsent a compelling equal protection argument, the exercise of such prosecutorial discretion [to invoke the Prison Releasee Reoffender Act] is not generally subject to judicial review.").

*Conclusion*

The State must satisfy the requirements of Marsy's Law, but those requirements do not limit prosecutorial discretion. As a result, we affirm Dean's conviction and sentence.

*Affirmed.*

KLINGENSMITH and ARTAU, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

4