971 So.2d 293 (2008)
Troy DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3661.
District Court of Appeal of Florida, Fourth District.
January 16, 2008.
*294 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Troy Davenport appeals a conviction of burglary of a dwelling and sentence of 30 years as an habitual felony offender (HFO) and prison releasee reoffender (PRR) with credit for 348 days time served. He argues that (1) the trial court erred in denying his motion for judgment of acquittal, (2) the jury instructions on the elements of burglary constitute fundamental error, and (3) the trial court erred in sentencing Davenport as an HFO and PRR.
We affirm Davenport's conviction without further comment on the first two issues. We reverse the trial court's finding that Davenport qualified to be sentenced as an HFO and PRR because there is no evidence in the record to support it.
Davenport was charged by information with burglary of a dwelling. The State filed notices of its intent to seek to have Davenport declared an HFO and PRR. The case proceeded to trial by jury. The jury returned a verdict finding Davenport guilty. Davenport was also facing charges in two other related cases, which were resolved by way of a negotiated plea. In the related plea cases, the trial court (the same judge as in the instant case) declared Davenport a PRR and an HFO.
At sentencing for the instant case, the trial court purported to take judicial notice of its own files in the related plea cases, wherein certified copies of convictions were entered. The trial court sentenced Davenport to 30 years with credit for 348 days time served. A 15-year minimum mandatory was imposed as a result of qualifying as a PRR.
Davenport argues that the trial court erred in sentencing him as an HFO and PRR without sufficient proof. He claims that no proof of his prior convictions or the date of his release were admitted *295 into evidence at the sentencing hearing.
It is permissible for a trial court to take judicial notice of its own files, but the trial judge has to put such evidence in the record of each case when sentencing a defendant as an HFO and PRR. See § 775.084(1)(a)2.a., Fla. Stat. (2007); see also Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001). Certified copies of convictions or the contents of other files would suffice, but the trial court failed to put either in the record in this case. We therefore reverse and remand for resentencing.
Reversed and Remanded.
STONE and MAY, JJ., concur.