PER CURIAM.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Dean v. State, 199 So.3d 932 (Fla. 4th DCA 2016). In its decision, the district court ruled upon the following question, which it subsequently certified to be of great public importance:[1]
IS MANSLAUGHTER A CATEGORY ONE LESSER - INCLUDED OFFENSE OF SECOND-DEGREE FELONY MURDER?
Id. at 934-36; Dean v. State, 193 So.3d 1108, 1108 (Fla. 4th DCA 2016) (granting motion for certification). For the reasons expressed below, we answer the certified question in the affirmative.
I. BACKGROUND
Following a jury trial in February 2014, Christopher Dean was convicted as charged of second-degree felony murder and burglary. The- trial court designated Dean a prison releasee reoffender (PRR) and sentenced him to life for the murder and 15 years for the burglary. The murder victim in this case,'Eric Flint, committed the burglary along with Dean. Flint was killed by one of the burglary victims during á high-speed ear chase that ensued as Dean and Flint fled from the scene of the burglary. At trial, the State’s case against Dean was based on the following evidence.
Phillondra Thompson and Gregory Mar-low lived in a second-floor apartment just west of 1-95 in Palm Beach County. On January 12, 2005, they came home for lunch and saw an unfamiliar white Nissan Maxima in the parking lot with the engine running arid no one ihside. They discovered the door to their apartment open, so Marlow checked to see if someone was inside, and Thompson went downstairs to call 911. Marlow then went around to the back of the apartment building to see if someone was on their balcony. At that point, Thompson saw Dean coming down the- stairs from the apartment carrying a green plastic bin. Dean put the bin inside the Maximá and quickly drove away. Mar- *422 low then jumped into his SUV and followed Dean. Shortly thereafter, Thompson saw Flint walk down the stairs from her apartment. Flint jumped over the fence separating the apartment complex from the road and walked through the hedges towards 1-95.
Marlow continued to pursue Dean at a high rate of speed, eventually following him onto 1-95. Dean was speeding and weaving in and out of traffic, and Marlow tried to keep up. As Marlow was driving, he called 911, and the operator advised him to stop pm-suing Dean, but he did not. When Dean abruptly pulled off onto the right side of the interstate, Marlow continued following fast behind him. At that point, Marlow saw Flint come through the hedges and run towards the Maxima. Flint also saw Marlow and then he reached for something in his waistband. Believing that Flint was reaching for a gun,. Marlow ducked inside his vehicle, which continued moving forward, striking and killing Flint.
After this evidence was presented to the jury, defense counsel requested that, in addition to the charged offense of second-degree felony murder, the jury be instructed on manslaughter as a lesser included offense. The State opposed the request, arguing that manslaughter was not a lesser included offense of second-degree felony murder. The trial court agreed and denied defense counsel’s request. The jury was then given the standard instruction for second-degree felony murder.
On appeal to the Fourth District, Dean argued that the trial court erred in denying his request for the manslaughter instruction because it is a necessarily lesser included offense of second-degree felony murder and, therefore, the trial court was required to give the instruction. Dean, 199 So.3d at 935. The Fourth District affirmed the trial court’s ruling, citing its decision in Avila v. State, 745 So.2d 983 (Fla. 4th DCA 1999), in which it stated that “ ‘manslaughter is not a lesser-included offense’ of ‘second-degree felony murder.’ ” Id. (quoting Avila, 745 So.2d at 984). The Fourth District concluded that Avila had been correctly decided based on the following reasoning:
Reduced to its essence, manslaughter requires the commission of an act that directly causes the death of another. Second-degree felony murder, on the other hand, requires the commission of an enumerated felony, with the death occurring “during the perpetration of’ the felony, caused by a person not engaged in the perpetration of the felony. Unlike manslaughter, for second-degree felony murder there is no direct casual [sic] connection between the death of the victim and an act of the defendant. Manslaughter is thus not “always subsumed” within second-degree felony murder, because the act that caused death is by definition committed by a person who had nothing to do with the commission of the underlying felony.
Id. (citations omitted). Thereafter, the Fourth District granted Dean’s motion to certify the question of whether manslaughter is a necessarily lesser included offense of second-degree felony murder. Dean, 193 So.3d at 1108.
On appeal to this Court, Dean raises three issues in addition to the certified question: (1) whether the trial court abused its discretion in limiting the defense’s cross-examination of a key witness; (2) whether the trial court properly controlled the content of both the State’s and the defense’s closing arguments; and (3) whether his PRR sentences are supported by the evidence in the record and whether they are unconstitutional under the Sixth Amendment. Below, we address the certified question and whether Dean’s PRR sentences are supported by the record. We *423 reject the remaining issues without further comment.
II. CERTIFIED QUESTION
Dean argués that we should answer the certified question in the affirmative because the elements of manslaughter are subsumed within the elements of second-degree felony murder.[2] We agree.
The second-degree felony murder statute provides:
When a person is killed in the perpetration of, or in the attempt to perpetrate, any [enumerated felony] by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree ....
§ 782.04(3), Fla. Stat. (2004). Pursuant to the statute, to be guilty of second-degree felony murder the following elements must be present: (1) the victim is dead; (2) the defendant was not the person who actually killed the victim, but he or she did commit or did knowingly aid, abet, counsel, hire, or otherwise procure the commission of a felony; (3) the victim’s death was caused during and was the consequence of the commission, or the escape from the immediate scene, of the felony; and (4) the person who actually killed the victim was not involved in the commission of the felony. See Fla. Std. Jury Instr. (Crim.) 7.5.
Manslaughter is defined as:
[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of [chapter 782] ....
§ 782.07(1), Fla. Stat. (2004). Based on the statute, the two elements of manslaughter are the unjustified or inexcusable killing of the victim and “a causative link between the death and the act, procurement, or culpable negligence of the defendant.” Tyus v. State, 845 So.2d 318, 321 (Fla. 1st DCA 2003).
“Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense.” Walton v. State, 208 So.3d 60, 64 (Fla. 2016) (quoting Sanders v. State, 944 So.2d 203, 206 (Fla. 2006)).
The elements of manslaughter are always subsumed within the elements of second-degree felony murder because both offenses require some action by the defendant that ultimately causes the victim’s death. Under the second-degree felony murder statute, the action by the defendant is the commission of the underlying felony. And the statutory requirement that the victim be killed “in the perpetration of’ the underlying felony creates an element of causation between the defendant’s act of committing the felony and the death of the victim. See Parker v. State, 570 So.2d 1048, 1052 (Fla. 1st DCA 1990) (recognizing there must be a “nexus between the [felony] and the death” to support a conviction for second-degree felony murder); see also Parker v. State, 641 So.2d 369, 376 (Fla. 1994) (explaining that “[t]he purpose of the felony-murder statute ‘is to protect the public from inherently dangerous situations caused by the commission of the felony.’” (quoting State v. Hacker, 510 So.2d 304, 306 (Fla. 4th DCA 1986))).
*424 Contrary to the State’s argument and the Fourth District’s reasoning in Dean, the distinguishing factor between manslaughter and second-degree felony murder is not whether the victim’s death was actually caused by the defendant or by someone else. Just as with second-degree felony murder, a defendant may be guilty of manslaughter when he or she sets in motion a course of events that leads to the death of the victim as the result of a third party’s actions. See, e.g., Miller v. State, 782 So.2d 426, 428-30 (Fla. 2d DCA 2001) (holding that evidence was sufficient to support manslaughter convictions where victims were killed by a third party in a traffic accident after the defendant stole a stop sign from the intersection where the accident occurred); see also Reyes v. State, 783 So.2d 1129, 1132-83 (Fla. 3d DCA 2001) (holding that a defendant could properly be convicted of manslaughter for the death of a victim he did .not actually shoot because “each participant in a mutually-agreed-to-gun battle in a public place may be held accountable for any death or injury to an innocent person which results from that confrontation”). Instead, the difference between the two offenses is that to be guilty of second-degree felony murder the defendant must have committed one of the felonies enumerated in section 782.04(3), Florida Statutes, (as opposed to another crime or act) and the victim must always have been killed by someone not involved in the commission of the underly-tag felony. Cf. Miller, 782 So.2d at 428 (underlying act by defendant leading to victims’ death was grand theft, which is not a qualifying offense in the second-degree felony murder statute).
Accordingly, we answer the certified question in the affirmative and hold' that manslaughter is a necessarily lesser included offense of second-degree felony murder.
III. PRR SENTENCES
We quash the Fourth District’s holding regarding Dean’s PRR sentences and remand for resentencing because his designation as a PRR is not supported by the evidence in the record in this case.[3] See Davenport v. State, 971 So.2d 293, 295 (Fla. 4th DCA 2008) (“It is permissible for a trial court to take judicial notice of its own files, but the trial judge has to put such evidence, in the record of each case when sentencing a defendant as an HFO and PRR.”), rev. denied, 993 So.2d 511 (Fla. 2008). On remand, the State may present evidence to prove that Dean meets the statutory requirements to be sentenced as a PRR. See Ward v. State, 11 So.3d 459, 459 (Fla. 3d DCA 2009); see also State v. Collins, 985 So.2d 985, 990 (Fla. 2008) (“[B]ecause a resentencing is a new proceeding, the State may present additional evidence on remand to prove the defendant qualifies for habitual felony offender sentencing.”)
*425 IV. CONCLUSION
For the reasons expressed above, we answer the certified question-in the affirmative. For the reasons expressed in Justice Polston’s concurring opinion and Justice Quince’s- concurring in result only opinion, we approve the result of the Fourth District’s decision to affirm Dean’s convictions. However, we quash the Fourth District’s holding regarding Dean’s PER sentences and remand for resentenc-ing.
It is so ordered.
LEWIS, CANADY, and LAWSON, JJ., concur.
POLSTON, J., concurs with an opinion, in which CANADY and LAWSON, JJ., concur.
QUINCE, J., concurs in result only with ah opinion.
. PARIENTE, J., concurs in part and. dissents in part with an opinion..
LABARGA, C.J., recused.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. Because the certified question is a pure question of law our review is de novo. Haygood v. State, 109 So.3d 735, 739 (Fla. 2013).

. After the jury rendered its verdicts finding Dean guilty of second-degree felony murder and burglary, the trial court immediately proceeded to . sentencing. The State requested that Dean be sentenced as a PRR on both counts, however,' the State did not introduce any evidence to support a finding that Dean committed the crimes in this case within three years of being released from a state correctional facility, See § 775.082(9)(a), Fla. Stat. Instead, the State relied on a copy of its notice of intent to seek a PRR sentence and the sentencing transcript from Dean's first trial in 2008.' The 2008 sentencing transcript reflects that in that proceeding the State introduced certified nopies of DOC records regarding Dean's release date and his latent fingerprints, and that, based on those records, Dean was sentenced as a PRR, However, the actual document evidence supporting Dean’s initial PRR sentences was not presented to the trial court when Dean was sentenced in 2014,