NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRELL D. FRANKLIN,                    )
                                        )
              Petitioner,               )
                                        )
v.                                      )          Case No.  2D17-2958
                                        )
STATE OF FLORIDA,                       )
                                        )
              Respondent.               )
                                        )
_____ )

Opinion filed May 29, 2019.

Petition Alleging Ineffective Assistance of
Appellate Counsel.  Polk County; Glenn T.
Shelby, Judge.

Terrell D. Franklin, pro se.

Ashley Moody, Attorney General,
Tallahassee, and David Campbell, Assistant
Attorney General, Tampa, for Appellee.


ORDER ON RESPONDENT'S MOTION FOR REHEARING
AND MOTION TO CERTIFY CONFLICT


LaROSE, Chief Judge.

        The Respondent's motion for rehearing and motion to certify conflict are

denied.

BADALAMENTI, J.,[1] Concurs.
ATKINSON, J., Concurs in result only with opinion.


ATKINSON, Judge, Concurring in result only.

I concur in the denial of the State's motion for rehearing. The State argued that this court overlooked or misapprehended the Florida Supreme Court's decision in Dean v. State, 230 So. 3d 420 (Fla. 2017), which held that failure to give a requested jury instruction on a necessarily lesser included offense one step removed from the charged offense is subject to a harmless error analysis and is no longer per se reversible error. I agree with the foregoing characterization of the holding of Dean, and if Dean were the supreme court's latest pronouncement on the subject, I would vote to grant rehearing and deny Franklin's petition alleging ineffective assistance of appellate counsel.

In Dean, a plurality opinion joined by four justices of the supreme court answered a question certified by the Fourth District to be of great public importance by holding that manslaughter is a category one lesser included offense of second-degree felony murder. Id. at 421. The Fourth District had reached the opposite conclusion, rejecting Dean's argument that the trial court had "erred in denying his request for the manslaughter instruction because it is a necessarily lesser included offense of second-degree felony murder and, therefore, the trial court was required to give the instruction." Id. at 422 (citing Dean v. State, 199 So. 3d 932, 935 (Fla. 4th DCA 2016)).

[1]Judge Badalamenti has been substituted for Judge Crenshaw, who was on the original panel.

Yet, despite its holding that manslaughter was a necessarily included lesser offense, on which failure to give a requested instruction would be reversible error, the plurality opinion "approve[d] the result of the Fourth District's decision to affirm Dean's convictions." Id. at 425 (emphasis added). Reconciliation of these ostensibly incongruous determinations—that the trial court erred but the convictions should be upheld—can only be found in Justice Polston's concurring opinion: "In cases such as this one, where the evidence supports the charged offense as well as the requested instruction on a necessarily lesser included offense, any error in failing to give the requested instruction is harmless because the defendant is not entitled to an opportunity for a jury pardon." Id. at 426 (Polston, J., concurring). This is confirmed by the rationale expressed in the plurality opinion itself, which affirms the convictions in part "[f]or the reasons expressed in Justice Polston's concurring opinion." Id. at 425.

Justice Polston's concurring opinion itself only received three votes, leading the Fourth District to the conclusion that it was not a "binding precedential opinion." See Caruthers v. State, 232 So. 3d 441, 441 (Fla. 4th DCA 2017) (quoting Santos v. State, 629 So. 2d 838, 840 (Fla. 1994)). However, the abrogation of the pardon power—and the conclusion that failure to give a requested instruction on a necessarily included offense one step removed from the charged offense is not per se reversible—was binding precedent because it was incorporated by the four-vote plurality opinion, the result of which was dependent on the harmless error rationale in Justice Polston's concurring opinion. See Knight v. State, 43 Fla. L. Weekly D404, D406 (Fla. 1st DCA Feb. 19, 2018) (certifying conflict with Caruthers).

Under the well-reasoned holding of the supreme court's <u>Dean</u> decision, Franklin's petition alleging ineffective assistance of appellate counsel should be denied because the trial court's erroneous instruction on the necessarily included lesser offense of attempted voluntary manslaughter was harmless.  The jury found beyond a reasonable doubt that the Franklin was guilty of the greater offense of attempted second-degree murder.  <u>See</u> <u>Dean</u>, 230 So. 3d at 426 (Polston, J., concurring) (finding that, in light of the jury's guilty verdict establishing that the elements of second-degree felony murder had been proven beyond a reasonable doubt, "the jury would still have been required to find Dean guilty of second-degree felony murder" "even if the trial court had given an instruction on manslaughter"); <u>Knight</u>, 43 Fla. L. Weekly at D406 (finding incorrect instruction on lesser included attempted voluntary manslaughter harmless (citing <u>Dean</u>, 230 So. 3d at 426)).[2]

However, subsequent to its opinion in <u>Dean</u>, the Florida Supreme Court issued an opinion reversing a conviction of attempted second-degree murder because "the trial court committed fundamental error by failing to instruct the jury on attempted manslaughter by act, a necessarily lesser included offense."  <u>Roberts v. State</u>, 242 So. 3d 296, 299 (Fla. 2018) ("If giving an incorrect instruction on a necessarily lesser included offense constitutes fundamental error, then <u>a fortiori</u> giving no instruction at all

---

[2]Although arguably unnecessary where the jury has found the greater crime beyond a reasonable doubt and "<u>any</u> error in failing to give the requested instruction is harmless because the defendant is not entitled to an opportunity for a jury pardon," <u>Dean</u>, 230 So. 3d at 426 (emphasis added), the First District noted that the evidence in its case "very strongly support[ed] the offense of conviction," <u>Knight</u>, 43 Fla. L. Weekly at D406.  It is worth pointing out that evidence in this case included testimony that Franklin pointed a loaded gun at the victim's head before the ensuing struggle that resulted in the victim being nonfatally shot.

likewise constitutes fundamental error." (quoting Walton v. State, 208 So. 3d 60, 65 (Fla. 2016))). Justice Polston, now in the minority, disagreed that such error was fundamental, concluding that, "because the evidence supports the jury's verdict of attempted second-degree murder" on which it was properly instructed, "the defendant is not entitled to a new trial based upon the failure to instruct the jury on the lesser included offense." Id. at 300 (Polston, J., dissenting) ("No defendant has the right to a trial in which the judge facilitates the jury's acting in disregard of the law[.]" (quoting Haygood v. State, 109 So. 3d 735, 749 (Fla. 2013) (Canady, J., dissenting))).

The issue at the time of our decision was governed by Roberts, which compelled a conclusion that Franklin was entitled to relief because failure to correctly instruct on the necessarily lesser included offense was per se reversible error not subject to harmless error analysis. Roberts, 242 So. 3d at 299–300. As such, I cannot say that this court overlooked or misapprehended binding precedent favorable to the State's position, and we must therefore deny its motion for rehearing.