# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-0490
LT Case No. 20-CF-001006-C

_____

STEVEN TROY GIBSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Citrus County.
Richard A. Howard, Judge.

Matthew J. Metz, Public Defender, and Andrew Mich, Assistant
Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Robin A.
Compton, Assistant Attorney General, Daytona Beach, for
Appellee.

February 2, 2024

HARRIS, J.

    Steven Troy Gibson owned a home in Citrus County, Florida.
Gibson would allow several of his friends, some with small
children, to reside with him. Gibson and his friends would smoke
methamphetamine in the home on a daily basis and he was well
aware of the dangers this posed to the children staying in his

house. Tragically and predictably, the two-month-old child of one of his guests died in the home and her primary cause of death was determined to be methamphetamine toxicity. The State charged Gibson with aggravated manslaughter of a child, three counts of child neglect, and maintaining a public nuisance/drug house. Following a trial, Gibson was found guilty of the lesser included offense of manslaughter on count one, the lesser included offense of culpable negligence on counts two,[1] three, and four, and as charged on count five. Gibson was sentenced to fifteen years in prison on count one, time served on counts three and four, and three years in prison followed by two years of drug offender community control on count five. Counts one and five were ordered to run consecutively. It is from this judgment and sentence that Gibson now appeals.

On appeal, Gibson first argues that the trial court erred in refusing to instruct the jury on additional lesser included offenses of child neglect and culpable negligence on count one. We agree with the State that any failure to give the requested instructions was harmless in this case because the evidence clearly supported the manslaughter conviction, *see Dean v. State*, 230 So. 3d 420, 423–24 (Fla. 2017), and because the offenses of child neglect and culpable negligence are two or more steps removed from aggravated manslaughter. *See State v. Abreau*, 363 So. 2d 1063, 1064 (Fla. 1978) (per curiam) (holding reviewing courts may properly find that error in omitting instruction on lesser included offense is harmless where the lesser offense is two or more steps removed). We therefore affirm Gibson's conviction and sentence on count one.

Gibson also challenges his conviction on count five, in which he was charged with maintaining a public nuisance/drug house in violation of section 893.17(7)(a)(5), Florida Statutes. Under that statute, maintaining a drug house is a first-degree misdemeanor and only becomes a felony upon a second or subsequent violation. On appeal, the State properly concedes that the information did

---

[1] Because count two dealt with the same victim as count one, and was a necessary lesser included offense, the trial court merged it into count one.

not allege a prior offense and that no evidence was presented at trial or sentencing to support the felony conviction. Gibson should have been convicted and sentenced on count five as a first-degree misdemeanor. We therefore reverse that portion of Gibson's sentence and remand for resentencing on count five.

Finally, as to counts three and four, Gibson argues that his convictions for culpable negligence as first-degree misdemeanors were error because there is no indication whether the jury found him guilty because he exposed the children to injury in violation of section 784.05(1), Florida Statutes (a second-degree misdemeanor), or because he inflicted actual injury on the children in violation of 784.05(2), Florida Statutes (a first-degree misdemeanor). The State again correctly acknowledges the absence of any finding of actual injury. We therefore remand this matter for the judgment to be corrected to reflect convictions for second-degree misdemeanors on counts three and four.

AFFIRMED in part, REVERSED and REMANDED with Instructions.

EDWARDS, C.J., and BOATWRIGHT, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

3