DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLINGTON GILBERT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1359

[November 6, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562023CF000112.

Carey Haughwout, Public Defender, and Jaclyn Lopez, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Wellington Gilbert appeals his conviction and sentence for one count of battery by a detainee. Appellant raises three issues on appeal. We reject two of those without comment. On the third issue, Appellant claims fundamental error occurred at his resentencing hearing because the trial court took judicial notice of testimony from the original sentencing hearing to designate Appellant as a habitual felony offender ("HFO"). We disagree and affirm.

Appellant and the victim were both inmates at the St. Lucie County Jail when Appellant entered the victim's cell and struck him on the head. Appellant was found guilty following a jury trial. Relevant to Appellant's sentencing, the State had previously filed its notice of intent to sentence Appellant as an HFO. During the sentencing hearing, the State called a certified latent print examiner. The examiner testified that she rolled Appellant's fingerprints in court and Appellant's prints matched those in four other certified judgments and sentences. The State admitted into evidence Appellant's certified convictions, fingerprints, and Crime and Time report to establish Appellant's HFO eligibility. Consequently, the trial

court sentenced Appellant to ten years in prison as an HFO, and Appellant appealed.

During the pendency of the appeal, Appellant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that he was entitled to resentencing because the HFO statute requires a pre-sentence investigation report ("PSI") before a defendant can be sentenced as an HFO, and no PSI was previously ordered. *See* § 775.084(3)(a)1., Fla. Stat. (2023). The State conceded that Appellant was entitled to a resentencing hearing after completion of a PSI. The trial court granted Appellant's motion, ordered a PSI, and scheduled the resentencing hearing.

On resentencing and without objection, the trial court took judicial notice of the testimony presented at the original sentencing hearing and found that Appellant qualifies as an HFO. The trial court again sentenced Appellant to ten years in prison as an HFO.

Appellant alleges that he was deprived of due process because resentencing is a "clean slate," and the State did not re-introduce the necessary prior convictions during resentencing for the trial court to designate Appellant as an HFO. In reliance on *Dean v. State*, 294 So. 3d 350 (Fla. 4th DCA 2020), Appellant argues that while the trial court could take judicial notice of the prior sentencing hearing, the State was still required to produce evidence establishing Appellant as an HFO on the record. In *Dean*, we held that a de novo resentencing hearing "means that the state should determine whether to seek [prison releasee reoffender ("PRR")] sentencing" and "if the state elects to pursue a PRR sentence, the state must introduce evidence supporting a PRR sentence, regardless of whether such evidence was introduced at a prior hearing." *Dean*, 294 So. 3d at 354.

The State acknowledges *Dean*, but argues that because the trial court took judicial notice of the original sentencing hearing and the prior convictions showing Appellant's qualifications as an HFO are within the record, this Court should affirm. The State's argument is premised on *Davenport v. State*, 971 So. 2d 293 (Fla. 4th DCA 2008), *rev. denied*, 993 So. 2d 511 (Fla. 2008). In *Davenport*, we held "[i]t is permissible for a trial court to take judicial notice of its own files, but the trial [court] has to put such evidence in the record of each case when sentencing a defendant as an HFO and PRR." *Davenport*, 971 So. 2d at 295. We noted that "[c]ertified copies of convictions or the contents of other files would suffice." *Id.* We reversed the HFO and PRR designations in that case because, although the trial court had taken judicial notice of evidence contained in records

of related plea cases, the trial court had failed to place the evidence within the record of that case. *Id.* at 294-95.

We find *Dean* inapplicable to this case. In *Dean*, we addressed whether the defendant had received the benefit of a de novo resentencing on remand from the Florida Supreme Court for a new sentencing hearing. 294 So. 3d at 351. The Florida Supreme Court had previously remanded the case because the defendant's designation as a PRR was "not supported by the evidence *in the record in this case.*" *Dean v. State*, 230 So. 3d 420, 424 (Fla. 2017) (emphasis added). We note that the Florida Supreme Court also cited *Davenport* for the premise that the trial court may take judicial notice of its own files to sentence a defendant as an HFO and PRR, but such evidence must be placed in the record of the case. *Id.* (citing *Davenport*, 971 So. 2d at 295). However, following remand and resentencing, the defendant appealed, and we held that the defendant did not receive the benefit of a "clean slate" resentencing based on statements made by the trial court and the State. *Dean*, 294 So. 3d at 352-54.

Here, unlike in *Dean*, 294 So. 3d at 351, the trial court did not state anything to indicate it was not proceeding as if this was a "clean slate" in a de novo hearing, or that the issues to be presented during resentencing were being limited in any way. During Appellant's resentencing hearing, the trial court took judicial notice of the evidence from the original sentencing, without objection, whereupon it was received into evidence. This sufficed as production of evidence of Appellant's qualification as an HFO. *See Dean*, 294 So. 3d at 354; *Dean*, 230 So. 3d at 424; *Davenport*, 971 So. 2d at 295. Appellant could have elected to challenge this evidence—including Appellant's certified convictions, fingerprints, and the Crime and Time Report supporting Appellant's qualification as an HFO— but did not. The certified convictions and Crime and Time Report placed in the record were sufficient to show that Appellant qualifies as an HFO.

Because Appellant failed to object to the trial court's judicial notice of the evidence found in the court file of this case, we review de novo whether the trial court failed to provide due process or committed fundamental error in sentencing. *Hill v. State*, 246 So. 3d 392, 394 (Fla. 4th DCA 2018) (quoting *Flegal v. Guardianship of Swistock*, 169 So. 3d 278, 281 (Fla. 4th DCA 2015)); *see also Cromartie v. State*, 70 So. 3d 559, 563-64 (Fla. 2011) (noting that where there is no contemporaneous objection and where error cannot be raised in a rule 3.800(b) motion, the error can be remedied on appeal if the error is fundamental). To qualify as fundamental error when the issue is not preserved, "the error 'must be basic to the judicial decision under review and equivalent to a denial of due process.'" *Hill*, 246 So. 3d at 394 (quoting *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008)).

Appellant's resentencing entitled him to a de novo sentencing hearing with the full array of due process rights. *Trotter v. State*, 825 So. 2d 362, 367-68 (Fla. 2002). The record reflects that Appellant's resentencing hearing was an entirely new proceeding where the State was required to—and did—produce evidence to establish facts, even if those facts were previously established during an original sentencing. *See Rich v. State*, 814 So. 2d 1207, 1208 (Fla. 4th DCA 2002) (holding that the state was required to introduce evidence at the resentencing hearing to prove that the defendant qualifies for an enhanced sentence). Accordingly, we find no error occurred and affirm Appellant's conviction and sentence.

*Affirmed.*

DAMOORGIAN and LEVINE, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***